UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SANTIAGO,

Plaintiff(s),

v.

MATTRESS FIRM INC,

Defendant(s).

CASE NO.
3:26−cv−05437−DGE

ORDER REGARDING INITIAL
DISCLOSURES, JOINT STATUS
REPORT, DISCOVERY, DEPOSITIONS
AND EARLY SETTLEMENT

## I. INITIAL SCHEDULING DATES

The Court sets the following initial case scheduling deadlines:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 9/16/2026 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 9/23/2026 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 9/30/2026 |

The deadlines above may be extended only by the Court. Any request for an

extension should be made by email to Gretchen Craft, Courtroom Deputy, at

gretchen_craft@wawd.uscourts.gov. If Defendants have appeared, the parties are

directed to meet and to confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of

FRCP 26(a) and 26(f), please notify the Courtroom Deputy at

gretchen_craft@wawd.uscourts.gov.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT,
DISCOVERY, DEPOSITIONS AND EARLY SETTLEMENT – 1

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by September 30, 2026. This conference shall be by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for the joining of additional parties.

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable David W. Christel may conduct all proceedings, including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no". Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

(A) initial disclosures;

(B) subjects, timing, and potential phasing of discovery;

(C) electronically stored information;

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT,
DISCOVERY, DEPOSITIONS AND EARLY SETTLEMENT – 2

(D) privilege issues;

(E) proposed limitations on discovery; and

(F) the need for any discovery related orders.

5.   The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

(A) prompt case resolution;

(B) alternative dispute resolution;

(C) related cases;

(D) discovery management;

(E) anticipated discovery sought;

(F) phasing motions;

(G) preservation of discoverable information;

(H) privilege issues;

(I) Model Protocol for Discovery of ESI; and;

(J) alternatives to Model Protocol.

6.   The date by which discovery can be completed.

7.   Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

8.   Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

9.   Any other suggestions for shortening or simplifying the case.

10.   The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

11.   Whether the trial will be jury or non–jury.

12.   The number of trial days required.

13.   The names, addresses, and telephone numbers of all trial counsel.

14.   The dates on which the trial counsel may have complications to be considered in setting a trial date.

15.   If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

16.   Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

17.   List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.

If the parties are unable to agree to any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify the Court by telephone at (253) 882–3840.

### III. DISCOVERY

All discovery matters should be resolved by agreement if possible. If a ruling is needed on any discovery question, and counsel wish to avoid the time and expense of a written motion, they may request an expedited ruling through a telephone conference call to the Court at (253) 882–3840.

### IV. DEPOSITIONS

Depositions will be conducted in compliance with the following rules:

1.   Examination: If there are multiple parties, each side should ordinarily designate one attorney to conduct the main examination of the deponent,

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, DISCOVERY, DEPOSITIONS AND EARLY SETTLEMENT – 4

and any questioning by other counsel on that side should be limited to matters not previously covered.

2. Objections: The only objections that should be raised at the deposition are those involving privilege against disclosure, or some matter that may be remedied if presented at the time (such as the form of the question or the responsiveness of the answer), or that the question seeks information beyond the scope of discovery. Objections on other grounds are unnecessary and should be avoided. All objections should be concise and must not suggest answers to, or otherwise coach the deponent. Argumentative interruptions will not be permitted.

3. Directions Not to Answer: Directions to the deponent not to answer are improper. Advice not to answer may be appropriate on the ground of privilege or to enable a party or deponent to present a motion to the Court or special master for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress the party or the deponent, or for appropriate limitations upon the scope of the deposition (e.g., on the ground that the line or inquiry is not relevant nor reasonably calculated to lead to the discovery of admissible evidence). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of the communication, who made the statement in question, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

4. Responsiveness: Witnesses will be expected to answer all questions directly and without evasion, to the extent of their testimonial knowledge, unless they choose to follow the advice of counsel not to answer.

5. Private Consultation: Private conferences between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, such conferences may, however, be held during normal recesses and adjournments.

6. Conduct of Examining Counsel: Examining counsel will refrain from asking questions he or she knows to be beyond the legitimate scope of discovery, and from undue repetition.

7. Courtroom Standard: All counsel and parties should conduct themselves in depositions with the same courtesy and respect for the rules that are required in the courtroom during trial.

## V. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared.

Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### VI. SCHEDULING CONFERENCE

A **Scheduling Conference** to discuss the Joint Status Report and case expectations is set for **October 16, 2026 at 02:30 PM** and will be conducted via Zoom. A link for the Zoom meeting will be sent to the parties in advance of the hearing. Any questions regarding the Scheduling Conference may be directed to the Courtroom Deputy Clerk at gretchen_craft@wawd.uscourts.gov.

### VII. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify the Courtroom Deputy at gretchen_craft@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED: The 2nd of July 2026



DAVID G. ESTUDILLO
United States District Judge

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT,
DISCOVERY, DEPOSITIONS AND EARLY SETTLEMENT – 6