IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

JOHN SANTIAGO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MATTRESS FIRM, INC.,

Defendant.

Case No. 3:26-cv-5437-DGE

**DEFENDANT MATTRESS FIRM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Judge: Chief Judge David G. Estudillo

CONSIDERATION DATE: SEPTEMBER 14, 2026



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

## TABLE OF CONTENTS

**I. INTRODUCTION ........ 1**

**II. BACKGROUND ........ 1**

**A. Mattress Firm sells mattresses online, and Santiago bought one at the advertised price. ........ 1**

**B. Santiago asserts that Mattress Firm sells its products above market price, but does not allege how much Mattress Firm's products are worth. ........ 2**

**III. LEGAL STANDARD ........ 3**

**IV. ARGUMENT ........ 4**

**A. Santiago's unsupported allegations about the Mattress's market value do not establish a CPA injury, sales-contract damages, or common-law damages. ........ 4**

**1. Santiago does not allege a CPA injury. ........ 4**

**2. Santiago has not been damaged by any alleged breach of contract. ........ 7**

**3. Santiago cannot base an express-warranty claim on market value. ........ 8**

**4. Santiago's allegations do not support the benefit-of-the-bargain damages necessary for his intentional-misrepresentation claim. ........ 9**

**5. Santiago does not allege pecuniary damages under his negligent-misrepresentation claim. ........ 10**

**6. Santiago does not sufficiently allege an unjust-enrichment claim because he did not allege that Mattress Firm retained an unjust benefit. ........ 11**

**B. Santiago does not allege any actionable misrepresentation or broken promise. ........ 12**

**1. Santiago does not allege any contractual promise that Mattress Firm breached. ........ 12**

**2. Santiago does not allege any affirmation of fact or promise by Mattress Firm creating an express warranty. ........ 13**

**3. A representation of value is an opinion statement, not an actionable misrepresentation. ........ 14**

**C. Santiago cannot plead unjust enrichment in the alternative. ........ 15**



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

D. **Santiago cannot toll the class's statute of limitations or pursue injunctive relief because Mattress Firm's website prices are openly published every day.** ........ **16**

V. **CONCLUSION** ........ **18**



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Afoa v. China Airlines Ltd.*,
No.C11-0028-JCC, 2013 WL 3354388 (W.D. Wash. July 3, 2013) ....................................14

*Akinmeji v. Jos A. Bank Clothiers, Inc.*,
399 F. Supp. 3d 466 (D. Md. 2019) ....................................9

*Al-Bustani v. Alger*,
No. C22-5238JLR, 2023 WL 1778814 (W.D. Wash. Feb. 6, 2023) ....................................16, 17

*Ambach v. French*,
167 Wn.2d 167 (2009) ....................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................3

*Austin v. Ettl*,
171 Wn. App. 82 (2012) ....................................10

*Babb v. Regal Marine Indus., Inc.*
179 Wn. App. 1036 (2014) ....................................15

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ....................................3

*BP W. Coast Prods., LLC v. Shalabi*,
No. 2:11-CV-01341, 2012 WL 441155 (W.D. Wash. Feb. 10, 2012) ....................................13

*City of L.A. v. Lyons*,
461 U.S. 95 (1983) ....................................17

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ....................................17

*Clare v. Saberhagen Hldgs, Inc.*,
129 Wn. App. 599 (2005) ....................................16, 17

*Cole v. Amazon.com Servs. LLC*,
765 F. Supp. 3d 1154 (W.D. Wash. 2025) ....................................6

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ....................................17



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

*Denton v. Dep't Stores Nat'l Bank*,
No. 3:10-cv-05830, 2011 WL 3298890 (W.D. Wash. Aug. 1, 2011)....................................13

*Dreamscapes Landscape & Design, LLC v. Bell's Mach. Shop Ltd.*,
588 F. Supp. 3d 1157 (W.D. Wash. 2022)............................................................7, 14

*Frias v. Asset Foreclosures Servs., Inc.*,
957 F. Supp. 2d 1264 (W.D. Wash. 2013)..................................................................10

*Graham-Bingham Irrevocable Trust v. John Hancock Life Ins. Co. USA*,
827 F. Supp. 2d 1275 (W.D. Wash. 2011)..................................................................15

*Holland v. Am. W. Airlines*,
416 F. Supp. 2d 1028 (W.D. Wash. 2006)..................................................................10

*Janda v. Brier Realty*,
97 Wn. App. 45 (1999) ..............................................................................................10

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..................................................................................4, 6

*Lemelson v. Wells Fargo Bank, N.A.*,
641 F. Supp. 3d 1005 (W.D. Wash. 2022)..................................................................13

*Marino v. Coach, Inc.*,
264 F. Supp. 3d 558 (S.D.N.Y. 2017)......................................................................8, 9

*Marks v. City of Seattle*,
No. C03–1701, 2003 WL 23024522 (W.D. Wash. Oct. 16, 2003)..........................................10

*Mason v. Mort. Am., Inc.*,
114 Wn.2d 842 (1990) ..................................................................................................7

*McDonnell Douglas Corp. v. Thiokol Corp.*,
124 F.3d 1173 (9th Cir. 1997) ....................................................................................13

*McGee v. S-L Snacks Nat'l*,
982 F.3d 700 (9th Cir. 2020) .........................................................................................7

*McInnis & Co. v. W. Tractor & Equip. Co.*,
63 Wn.2d 652 (1964) ......................................................................................................9

*Minnick v. Clearwire US, LLC*,
683 F. Supp. 2d 1179 (W.D. Wash. 2010)..............................................................15, 16

*Montes v. SPARC Group LLC*,
6 Wn.3d 321 (2026) ............................................................................................ *passim*



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

*Mostowfi v. i2 Telecom Int'l, Inc.*,
269 F. App'x 621 (9th Cir. 2008) ....................................................................................3

*In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*,
764 F. Supp. 3d 1026 (W.D. Wash. 2025)..................................................................14

*Prescott v. Matthews*,
20 Wn. App. 266 (1978) ..................................................................................9, 10

*Robey v. SPARC Grp. LLC*,
256 N.J. 541 (2024) ....................................................................................8

*Shellenberger v. AIG WarrantyGuard, Inc.*,
No. C24-0657JLR, 2024 WL 4144108 (W.D. Wash. Sept. 11, 2024) .....................................8

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009)....................................................................................17

*Tacoma Athletic Club, Inc. v. Indoor Comfort Sys., Inc.*,
79 Wn. App. 250 (1995) ....................................................................................9

*Univera, Inc. v. Terhune*,
No. C09–5227 RBL, 2010 WL 3489932 (W.D. Wash. Aug. 31, 2010).................................16

*Westby v. Gorsuch*,
112 Wn. App. 558 (2002) ....................................................................................15

*Westcott v. Wells Fargo Bank, N.A.*,
862 F. Supp. 2d 1111 (W.D. Wash. 2012).....................................................................8

*Young v. Toyota Motor Sales, U.S.A.*,
196 Wn.2d 310 (2020) ....................................................................................5

*Young v. Young*,
164 Wn.2d 477 (2008) ....................................................................................11

*Zaimi v. Costco Wholesale Corp.*,
--- F. Supp. 3d ----, 2026 WL 1145798 (W.D. Wash. 2026) ..................................................15

**Statutes**

RCW § 19.86.090 ....................................................................................4

RCW § 62A.2-313 ....................................................................................8, 9, 13

RCW § 62A.2-714 ....................................................................................7, 9

**Other Authorities**

Fed. R. Civ. P. 8 .......... 6

Fed. R. Civ. P. 9 .......... *passim*

Fed. R. Civ. P. 12 .......... 3



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

## I. INTRODUCTION

The Court should dismiss each of Plaintiff John Santiago's claims. Santiago attacks Mattress Firm's pricing practices, alleging a false-discount theory that the Washington Supreme Court rejected earlier this year. His central complaint is that the stricken-through reference prices listed on Mattress Firm's website are not the products' market prices.

That theory falters on multiple grounds. ***First***, the Washington Supreme Court held that when a consumer purchases a product for the advertised price and does not allege that the product differed objectively from what the consumer wanted, he lacks an economic injury. *Montes v. SPARC Group LLC*, 6 Wn.3d 321, 337 (2026). That holding precludes Santiago from establishing either an actionable injury for his Consumer Protection Act ("CPA") claim, or damages necessary to support his remaining claims.

***Second***, even if Mattress Firm's reference prices insinuated market value, vague value assertions are neither actionable misrepresentations nor contractual promises. Statements of value are opinions that are not actionable through a CPA or intentional-misrepresentation claim. And they also are not explicit promises or warranties that create any contractual rights, dooming Santiago's breach-of-contract and breach-of-express warranty claims.

And ***third***, Santiago offers no factual allegations to support any claim about the value of the mattress he bought. He doesn't identify how much it was worth, or any factual basis suggesting it was worth less than he paid.

For these reasons and others described below, the Court should dismiss each of Santiago's claims.

## II. BACKGROUND

### A. Mattress Firm sells mattresses online, and Santiago bought one at the advertised price.

Mattress Firm sells mattresses, bedding, and related sleep products nationwide through retail stores and on its website (www.mattressfirm.com). (Dkt. #1 ("Compl.") ¶¶ 2, 9.) It offers a variety of branded products (including Beautyrest, Tempur-Pedic, Sealy, and Serta mattresses) in


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

multiple sizes, comfort configurations, and at different price points. (*Id.* ¶¶ 9, 19–24.) Mattress Firm displays its prices on its website and updates them regularly. (*See id.* ¶ 23.)

Santiago alleges that he bought a Beautyrest Silver BRS900-C 75 13.75” Extra Firm Full Mattress (the “Mattress”) from Mattress Firm’s website on May 17, 2025. (*Id.* ¶ 39.) Santiago alleges that the stricken-through reference price was $1,559.99. (*Id.* ¶ 40.) The Complaint contradicts itself on the purchase details, stating that Santiago paid $561.99 and $998.99, without resolving that conflict. (*Id.* ¶¶ 39, 41.) Rather than include an image of the website display that Santiago saw, the Complaint includes a screenshot of a Mattress Firm webpage showing different pricing than what Santiago alleges in this case. (*Id.* ¶ 40.) The Complaint does not attach the order confirmation.

Santiago claims that he interpreted the online pricing display to mean that he was buying the Mattress at a “substantial discount” from its regular price and that the sale price was available only for a limited time. (*Id.* ¶¶ 39–40.) Based on these beliefs, Santiago bought the Mattress. (*Id.*)

Santiago does not allege any problems with the Mattress (e.g., that it was defective, differed from its advertised features or specifications, or failed to perform as expected). Nor does Santiago allege that Mattress Firm charged him more than the advertised sale price.

**B. Santiago asserts that Mattress Firm sells its products above market price, but does not allege how much Mattress Firm’s products are worth.**

On April 23, 2026, Santiago filed this action. His core complaint is that the reference prices were deceptive because they “were not the market price of the products.” (Compl. at 8 (heading C.; capital letters eliminated).) Santiago alleges that consumers therefore paid more than the products were actually worth, spent more than they would have absent deceptive marketing, and bought products they otherwise would not have purchased. (*Id.* ¶¶ 5–6, 34, 36, 68.) Santiago also alleges that Mattress Firm’s reference pricing influenced Santiago’s purchasing decision because he believed he was obtaining a bargain that would not always remain available. (*Id.* ¶ 40.)

Based on these allegations, Santiago brings six claims: (1) Violation of the Washington Consumer Protection Act, (2) Breach of Contract, (3) Breach of Express Warranty,


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

(4) Fraud/Intentional Misrepresentation, (5) Negligent Misrepresentation, and (6) Unjust Enrichment. (*Id.* ¶¶ 57–111.) He seeks to pursue claims 2–6 on behalf of a nationwide class of online consumers who bought mattresses from www.mattressfirm.com at prices lower than the reference prices, and claim 1 on behalf of a Washington subclass of consumers who made their purchases "while in the state of Washington." (*Id.* ¶ 50; *see also id.* at pp. 16, 18–21, 23.)

Santiago does not identify the market value for any of Mattress Firm's products. Nor does he identify any competing retailer selling an identical or similar item at a lower price, a prevailing market price for identical or similar mattresses, or any market survey by which the alleged market value was or could be determined. He also does not say how much he overpaid for the Mattress, or otherwise quantify his alleged economic loss.

## III. LEGAL STANDARD

Under Rule 12(b)(6), courts dismiss complaints lacking factual allegations sufficient "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" requires factual allegations supporting "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Claims "grounded" or "sounding" in fraud, like Santiago's, must meet Rule 9(b)'s heightened pleading standard. *Mostowfi v. i2 Telecom Int'l, Inc.*, 269 F. App'x 621, 623 (9th Cir. 2008). Rule 9(b) requires litigants to identify "the who, what, when, where, and how of the misconduct charged," and to explain "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and citations omitted). This heightened standard serves "to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

If a plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," then the entire complaint must satisfy Rule 9(b)'s


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

heightened requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## IV. ARGUMENT

Santiago cannot and does not allege any of his claims with sufficient particularity for three reasons. ***First***, Santiago cannot base any claim on vague market-value assertions. ***Second***, Santiago does not and cannot allege how a reference price creates an actionable misrepresentation, an express contract term, or an express warranty. And ***third***, he cannot allege unjust enrichment in the alternative because a valid contract governs his claim.

But even if Santiago could satisfy Rule 9(b), he cannot toll the statute of limitations or pursue injunctive relief because Mattress Firm's prices were publicly available.

### A. Santiago's unsupported allegations about the Mattress's market value do not establish a CPA injury, sales-contract damages, or common-law damages.

Santiago centers his claims on the assertion that Mattress Firm's reference prices do not represent the products' market value. Based on this assertion, Santiago claims that by paying the lower, discounted prices, consumers actually paid *more than* the market value.

Logical contradictions aside, that theory fails because an "abstract claim about value does not create an objective difference between two otherwise identical fungible items," and such an objective difference is necessary to establish that consumer's purchase injured him. *See Montes,* 6 Wn.3d at 334. Santiago offers no facts suggesting that Mattress Firm's reference prices created an objective difference between the product Santiago purchased and the product he wanted. All of Santiago's claims thus fail.

#### *1. Santiago does not allege a CPA injury.*

To state a CPA claim, Santiago must allege that a CPA violation caused an "injury to . . . his . . . business or property." RCW § 19.86.090; *Ambach v. French*, 167 Wn.2d 167, 171 (2009). The injury must be "economic in nature." *Montes*, 6 Wn.3d at 331. The CPA excludes noneconomic injuries like personal injury, mental distress, embarrassment, and inconvenience. *Id.*

Santiago does not allege an economic injury, so he cannot allege a CPA claim. Santiago asserts that he and the class were injured because they (1) "would not have purchased the Products"



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

if they had known the listed reference price was not the relevant product's market value or previously offered price, and/or (2) "overpaid for the Products because the Products were sold at a price premium due to the misrepresentation." (Compl. ¶ 68.)

The Washington Supreme Court held these theories do not constitute economic injuries under the CPA. In *Montes*, the plaintiff—like Santiago—alleged that the merchant's allegedly false-reference pricing injured her by causing her to (1) buy leggings she would not have otherwise purchased (purchase-price theory), (2) receive less than the benefit of the bargain through the promised savings (benefit-of-the-bargain theory), or (3) pay a price premium for the leggings (price-premium theory). *Id.* at 327–28. The Court held that none of those theories constituted an economic injury. *Id.* at 338.

Beyond its holding, *Montes*'s analysis shows why Santiago's claims fall short. The Court recognized that a consumer's merely buying something that she might not have otherwise bought is not an economic injury. Instead, an economic loss occurs only when "the consumer receives a product or service that is objectively different from or less valuable than the product she thought she was buying." *Id.* at 333. Put differently, the consumer must identify an objective disparity between the good she was promised and the good that she received. Nor can a plaintiff square this circle with unadorned allegations that the good received was "worth" less than expected, because a seller's "abstract claim about value does not create an objective difference between two otherwise identical fungible items." *Id.* at 334.

Here, Santiago pursues two of the theories that *Montes* rejected: the purchase-price theory and the price-premium theory. As in *Montes*, both theories fail.

**Purchase-Price Theory.** Santiago, like the *Montes* plaintiff, alleges that he would not have purchased the Mattress absent the allegedly false reference price. *Compare* Compl. ¶ 68 *to Montes*, 6 Wn.3d at 327. *Montes* held that this injury was just "dashed expectations" from not getting as good of a bargain as the consumer had hoped. *Id.* at 334. And "disappointment is not a cognizable CPA injury" because it has no economic impact. *Id.* at 336–37; *see also Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 320 (2020). Santiago's purchase-price theory fails.


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

**Price-Premium Theory.** Santiago, like the *Montes* plaintiff, does not allege an actionable price-premium injury. Santiago may suggest that his claim should not meet the same fate as the *Montes* plaintiff because unlike the plaintiff in *Montes*, Santiago alleges that he received a product worth less than what he paid. *Compare Montes*, 6 Wn.3d at 337 (noting that the plaintiff alleged that the products she bought had the monetary value she paid for them), *with* Compl. ¶ 5 ("consumers received a product worth less than the price paid"). That suggestion fails for at least two reasons.

***First***, *Montes* noted that it is a legal conclusion, not a factual allegation, to assert that a false price history makes a product less valuable. *Montes*, 6 Wn.3d at 333. And the Court owes allegations of legal conclusions no deference.

***Second***, and relatedly, Santiago alleges no facts supporting his allegation. He does not identify the Mattress's value. Nor does he identify any factual basis to believe that it was worth less than the purchase price—no prices at competing retailers, no appraisals, nothing else. At the pleading stage, courts applying Rule 8's pleading standard reject threadbare allegations lacking supporting facts. *See Cole v. Amazon.com Servs. LLC*, 765 F. Supp. 3d 1154, 1159–63 (W.D. Wash. 2025). That standard, of course, is easier to meet than the Rule 9(b) standard, which governs Santiago's claims. Simply put, an unsupported allegation that a product is "worth less than the price paid" does not allege an injury with sufficient particularity to satisfy Rule 9(b)'s heightened pleading standard. *See Kearns*, 567 F.3d at 1124.

Instead, Santiago undermines his suggestion that he paid a price premium. He acknowledges that "[i]n competitive markets, the actual prices offered by vendors selling the same item tend to converge on the market price." (Compl. ¶ 29.) And he never alleges that Mattress Firm does not sell its goods in a competitive market, so the only reasonable inference is that the selling price represents the good's value.

But even if Santiago did not acknowledge that a good's value and its selling price "converge," the result would remain the same. As the *Montes* court recognized, "the market determines the fair market value." *Montes*, 6 Wn.3d at 334. In other words, a product is worth



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

what people pay for it.

For each of these reasons, Santiago does not plead a CPA injury. His CPA claim thus fails.

### *2. Santiago has not been damaged by any alleged breach of contract.*

To allege a breach of contract, Santiago must plead "(1) the existence of a contract, (2) a material breach of that contract, and (3) resulting damage." *Dreamscapes Landscape & Design, LLC v. Bell's Mach. Shop Ltd.*, 588 F. Supp. 3d 1157, 1161 (W.D. Wash. 2022). The measure of damages for a sales contract where a buyer accepted the goods, like Santiago, is "the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable." RCW 62A.2-714(1). Santiago seeks expectation damages and price-premium damages. (Compl. ¶ 79.)

Santiago has not and cannot allege those damages here. As discussed above, Santiago has not alleged price-premium damages, nor can he. "[T]he market determines the fair market value," *Montes*, 6 Wn.3d at 334, and Santiago alleges no facts suggesting a disparity between the price he paid and the market price.

He cannot pursue expectation damages, either, because Santiago never alleges any objective difference between the mattress he received and the mattress he ordered. Expectation damages are measured by the benefit of the bargain. *See Mason v. Mort. Am., Inc.*, 114 Wn.2d 842, 849 (1990). They put a party in the position she would have been in had the contract been performed. *Id.* But as *Montes* held, a consumer who alleges no objective difference between a good received and a good as advertised cannot establish any difference between the benefit promised and the benefit received. *Montes*, 6 Wn.3d at 334–36. A plaintiff must "do more than allege that she did not receive the benefit she *thought* she was obtaining." *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020) (cleaned up) (emphasis in original). The plaintiff must show she did not receive the benefit she actually bargained for. *Id.* Unless the item materially differs from what was promised—for instance, being composed of different material than advertised—the consumer received the benefit of her bargain. *Montes*, 6 Wn.3d at 336. Washington courts thus dismiss contract claims when the plaintiff receives "the full benefit of her


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

bargain." *See Shellenberger v. AIG WarrantyGuard, Inc.*, No. C24-0657JLR, 2024 WL 4144108, at *10 (W.D. Wash. Sept. 11, 2024); *Westcott v. Wells Fargo Bank, N.A.*, 862 F. Supp. 2d 1111, 1118 (W.D. Wash. 2012).

Indeed, the decision *Montes* substantially relied on—*Robey v. SPARC Group LLC*—rejected CPA *and* breach-of-contract claims using the benefit-of-the-bargain analysis. In *Robey*, the New Jersey Supreme Court held that alleged false discounts—like those at issue here and in *Montes*—did not qualify as an ascertainable loss under New Jersey's CPA equivalent. *Robey v. SPARC Grp. LLC*, 256 N.J. 541, 561–63 (2024). False discounts did not entitle the plaintiff to "benefit-of-the-bargain damages" because the clothing that consumers bought and received was not "defective or damaged or worth less than they paid." *Id.* at 562. *Robey* extended this same analysis to the plaintiff's contract claim. *Id.* at 565 ("Because plaintiffs here have not alleged an ascertainable loss for the reasons discussed above, their contract claim fails."). *Montes* adopted *Robey*'s CPA holdings and logic in full. *See Montes*, 6 Wn.3d at 335–36.

*Robey*'s contract holdings should also apply here. Santiago does not allege that his Mattress was defective or objectively different from what was promised. And as noted above, his allegations that the Mattress was worth less than the purchase price are unsupported and entitled to no deference, even at the pleading stage. Santiago thus cannot pursue benefit-of-the-bargain damages. *See Robey*, 256 N.J. at 565.

#### ***3. Santiago cannot base an express-warranty claim on market value.***

Black-letter Washington law rejects Santiago's warranty theory. It states that "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." RCW § 62A.2-313(2). And that is exactly what Santiago's theory is: He says that Mattress Firm's reference price was an affirmation about the Mattress's market value. (Compl. ¶ 82.) Washington law expressly prohibits this type of value-based express-warranty claim.

Indeed, other courts, applying identical versions of RCW. § 62A.2-313, have prohibited false-discount claims like Santiago's. *See Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 573–74


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

(S.D.N.Y. 2017). In *Marino*, the court rejected a breach-of-express-warranty claim based on alleged false discounts, because "an inference that" a product's reference price means the product is "of a better quality than they actually are is too vague and general to be actionable as an express warranty of anything related to the actual goods." *Id.*; *see also Akinmeji v. Jos A. Bank Clothiers, Inc.*, 399 F. Supp. 3d 466, 470 n.2 (D. Md. 2019) (dismissing breach-of-express-warranty claim based on "regular price" because "mere affirmation of the value of goods does not create a warranty").

The same is true here. Santiago alleges that representations of the Mattress's market value created an express warranty. Those representations are too vague to be actionable. It is, on its face, a value-based theory which RCW § 62A.2-313(2) expressly prohibits.

Nor can Santiago allege damages for his express-warranty claim. The measure of damages is "the difference . . . between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." RCW § 62A.2-714(2). In other words, Santiago is limited to benefit-of-the-bargain damages unless he identifies special circumstances showing otherwise (which he does not allege). *See Tacoma Athletic Club, Inc. v. Indoor Comfort Sys., Inc.*, 79 Wn. App. 250, 262 (1995).

As explained above, Santiago cannot allege any benefit-of-the-bargain damages. So even if a representation of market value could create an express warranty, he would have no damages.

#### ***4. Santiago's allegations do not support the benefit-of-the-bargain damages necessary for his intentional-misrepresentation claim.***

Plaintiffs can satisfy the damages element of an intentional-misrepresentation claim under Washington law in two ways. They can establish general damages if they show that they did not receive the benefit of their bargain. *Prescott v. Matthews*, 20 Wn. App. 266, 270 (1978). Or they can establish special damages if they specifically plead other damages that the alleged fraud proximately caused. *See McInnis & Co. v. W. Tractor & Equip. Co.*, 63 Wn.2d 652, 658–59 (1964); Fed. R. Civ. P. 9(g).

Santiago does not plead special damages. Plaintiffs must specifically state what kind of


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

special damages they seek. *Marks v. City of Seattle*, No. C03–1701, 2003 WL 23024522, at *7 (W.D. Wash. Oct. 16, 2003). Here, Santiago pleads none, so he can pursue only benefit-of-the-bargain damages. *See id.*; *Prescott*, 20 Wash. App. at 270 (limiting damages to benefit-of-the-bargain damages under Washington's equivalent to Rule 9(g)).

Santiago's allegations do not support benefit-of-the-bargain damages, either. As explained above, pleading benefit-of-the-bargain damages requires an objective difference between the product as advertised and the product received. Santiago alleges none. His allegation that his Mattress was less valuable than the purchase price lacks any factual support. Under Washington law, "a seller's abstract claim about value does not create an objective difference between two otherwise identical fungible items." *Montes*, 6 Wn.3d at 334. So Santiago has not pled benefit-of-the-bargain damages. *See Frias v. Asset Foreclosures Servs., Inc.*, 957 F. Supp. 2d 1264, 1271 (W.D. Wash. 2013) (dismissing intentional-misrepresentation claim for failure to plead damages).

***5. Santiago does not allege pecuniary damages under his negligent-misrepresentation claim.***

A negligent-misrepresentation claim requires alleging damages—specifically, pecuniary losses. *Austin v. Ettl*, 171 Wn. App. 82, 88 (2012); *see Holland v. Am. W. Airlines*, 416 F. Supp. 2d 1028, 1036 (W.D. Wash. 2006); *Janda v. Brier Realty*, 97 Wn. App. 45, 50 (1999). A pecuniary loss is "the difference between the value of what [the plaintiff] has received in the transaction and its purchase price or other value given for it" or any "pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation." *Id.* In other words, negligent misrepresentation requires an economic loss, the same as a CPA claim. *See Montes*, 6 Wn.3d at 331.

Santiago has not suffered an economic loss. He alleges that he would not have purchased the Mattress and/or paid more than he otherwise would have because of the alleged misrepresentation. (Compl. ¶¶ 104–05.) That is the same theory of harm that he alleges under his CPA claim. (*Compare id. with id.* ¶ 68.) And, as explained above, these theories do not allege an economic loss. Because he has not suffered an economic loss, he has no negligent-


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

misrepresentation claim.

***6. Santiago does not sufficiently allege an unjust-enrichment claim because he did not allege that Mattress Firm retained an unjust benefit.***

The elements of unjust enrichment are: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 485 (2008). Unjust-enrichment claims are ways to recover "the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Id.* at 484.

Here, Mattress Firm did not receive a benefit that it would be unjust for it to retain. In any retail transaction, the retailer receives a benefit in the form of money paid by a consumer. "But in return for their money, the consumer receives something of value"—a good. *Montes*, 6 Wn.3d at 333. When both parties receive value, the transaction imposes no unjust enrichment.

Santiago does not allege facts showing that Mattress Firm received money without also conferring a benefit to Santiago. All he alleges is that Mattress Firm induced him to buy the mattress or he paid more than he would have otherwise. (Compl. ¶ 108.) But receiving payment for a good sold is not unjust enrichment. For example, in *Hold Security LLC v. Microsoft Corp.*, the plaintiff alleged that the defendant retained a benefit by receiving the plaintiff's data and using it in ways the plaintiff did not envision. 705 F. Supp. 3d 1231, 1243–44 (W.D. Wash. 2023). The Court dismissed the unjust-enrichment claim because, in part, the defendant conferred a benefit to the plaintiff by paying the plaintiff for the data. *Id.* at 1244.

The same is true here. Just as Santiago conferred a benefit onto Mattress Firm by paying for the Mattress, Mattress Firm conferred a benefit on him by providing him with the Mattress. Mattress Firm advertised a price for the Mattress, Santiago paid it, and Mattress Firm delivered the Mattress. Santiago has alleged nothing unjust here.

Unsupported allegations that the class paid more than market value change nothing. As explained above, abstract claims about value do not create an objective difference between items. *Montes*, 6 Wn.3d at 334. Instead, the market determines the value. *Id.* Again, Santiago offers



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

nothing to undermine this principle and render any transaction unjust.

Further, Santiago never identifies any sums that Mattress Firm unjustly retained. The Court has dismissed unjust-enrichment claims based on this failure before. In *Ferrie v. Woodford Research, LLC*, the Court concluded that the plaintiff's unjust-enrichment claim flunked Rule 9(b)'s standard because the allegations did not identify exactly what sums the defendant unjustly obtained. No. 3:19-cv-05798-RBL, 2020 WL 3971343, at *13 (W.D. Wash. July 14, 2020). So it is here. Santiago also does not allege what sums Mattress Firm unjustly retained. So even if Santiago could allege that it would be unjust for Mattress Firm to retain any benefit, he has not adequately done so here.

**B. Santiago does not allege any actionable misrepresentation or broken promise.**

Santiago alleges that Mattress Firm's reference prices misled him because they do not represent the Mattress's market value. But he alleges no facts suggesting that (1) Mattress Firm made any promise that its products had a certain value, to support his contract claim, (2) Mattress Firm expressly warranted the value of its mattresses, or (3) a reference price is an actionable representation of market value, as would support his CPA and intentional-misrepresentation claims. So those claims fail.

***1. Santiago does not allege any contractual promise that Mattress Firm breached.***

Santiago's contract claim fails because he identifies no promise and thus no breach.

Notably, Santiago neither attaches a contract to the Complaint, nor quotes its relevant provisions. Instead, he merely alleges that Mattress Firm promised to provide a mattress having "a market value equal to the reference prices displayed on the Website," and to provide "the discount advertised on the Website and listed in the receipt." (Compl. ¶¶ 74, 76.) But he offers nothing suggesting—much less showing—that any contract required Mattress Firm to provide a Mattress with a market value equal to the reference price, or to sell the Mattress at a set discount, rather than a set price.

Courts, including this one, dismiss contract claims when plaintiffs omit the relevant



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

contract text from the Complaint. *See BP W. Coast Prods., LLC v. Shalabi*, No. 2:11-CV-01341, 2012 WL 441155, at *4 (W.D. Wash. Feb. 10, 2012) (plaintiff "must point to a provision of the contract that was breached"). For example, in *Lemelson v. Wells Fargo Bank, N.A.*, 641 F. Supp. 3d 1005, 1011 (W.D. Wash. 2022), the Court dismissed a breach-of-contract claim because the plaintiff failed to present a copy of the contract or identify the contractual provisions that the defendant allegedly breached. *Id.* That result makes good sense. As the Court noted, without a copy of the contract, the Court could not determine which duties that contract imposed and whether the defendant breached them. *Id.* at 1012. Thus, the Court refused "to infer or incorporate terms into a contract" that it had never seen. *Id.* Similarly, in *Haywood v. Amazon.com, Inc.*, the Court agreed that the failure to identify the allegedly breached contractual provision "dooms" a contract claim. No. 2:22-CV-01094-JHC, 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023) (collecting cases); *see also Denton v. Dep't Stores Nat'l Bank*, No. 3:10-cv-05830, 2011 WL 3298890, at *5 (W.D. Wash. Aug. 1, 2011) (dismissing plaintiff's contract claim because failing to identify the allegedly breached provisions "fatally undermines her claim").

Because Santiago identifies no specific contractual term that Mattress Firm allegedly breached, the Court should dismiss his contract claim.

***2. Santiago does not allege any affirmation of fact or promise by Mattress Firm creating an express warranty.***

An affirmation of fact or promise made by a seller regarding goods that becomes part of the basis of the parties' bargain creates an express warranty that the goods will "conform to the affirmation or promise." *See* RCW § 62A.2-313(1)(a)–(b); *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997).

Santiago does not identify any affirmation of fact or promise creating an express warranty. Santiago claims that Mattress Firm represented that the Mattress had a prevailing market value equal to the advertised reference prices on the website, which constitutes an affirmation and promise about the Mattress. (Compl. ¶ 82.) But Santiago never identifies any Mattress Firm statement *explicitly* warranting that the Mattress had a particular market value, would retain any



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

specific market value, or possessed any characteristic that later proved untrue. For example, Santiago does not state that the Mattress itself was worn or torn, lacked advertised features, or arrived defective. Instead, he infers a promise from Mattress Firm's advertised reference price. (Compl. ¶¶ 82, 84); *see Dreamscapes Landscape & Design, LLC*, 588 F. Supp. 3d at 1164 (dismissing warranty claim because the plaintiff "has not alleged the goods did not conform" to an affirmation or promise).

That inference is not an express warranty. Courts often dismiss warranty claims that rely on generalized representations rather than identifiable affirmations of fact that made up the parties' bargain. *See, e.g., In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1042 (W.D. Wash. 2025); *Afoa v. China Airlines Ltd.*, No.C11-0028-JCC, 2013 WL 3354388, at *2 (W.D. Wash. July 3, 2013).

For example, in *Afoa*, the Court dismissed an express-warranty claim based on vague reliance allegations. There, the plaintiff alleged a breach of warranty related to the design, manufacturing, and marketing of a cargo loader. *Afoa*, 2013 WL 3354388 at *1. He claimed that the defendant expressly warranted good workmanship in a product free of defects, but that the product malfunctioned and collapsed on him. *Id.* The Court rejected the allegations, finding them insufficient to survive dismissal. *Id.* at *3. There, the plaintiff failed to "quote any specific representation, describe where or when the representation was made, or describe how Plaintiff knew of such representation or relied" on it. *Id.* So too, here, Santiago does not identify the specific warranty that Mattress Firm communicated. (*See* Compl. ¶ 84 (concluding only that because the "stated market value was not the market value," Mattress Firm breached its written warranties).) He alleges only an inference from the reference price. The Court should dismiss the express-warranty claim.

***3. A representation of value is an opinion statement, not an actionable misrepresentation.***

Santiago's CPA and intentional-misrepresentation claims allege the same allegedly false representation: that Mattress Firm does not offer its products at the reference price, and uses the



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

reference price to deceive consumers to think "the market value is the reference price." (Compl. ¶ 22.) For this misrepresentation to be actionable under Santiago's CPA or intentional-misrepresentation claims, it must be a representation of fact, not opinion. *See Graham-Bingham Irrevocable Trust v. John Hancock Life Ins. Co. USA*, 827 F. Supp. 2d 1275, 1285 (W.D. Wash. 2011) (fraudulent misrepresentation); *Babb v. Regal Marine Indus., Inc.* 179 Wn. App. 1036 (2014) (CPA).

But a value representation is an opinion, not an actionable fact. *See Westby v. Gorsuch*, 112 Wn. App. 558, 570 (2002). A seller's "abstract claim about value" reflects only the seller's opinion of what the product is worth. *See Montes*, 6 Wn.3d at 334. That is not an actionable misrepresentation.

Further, no circumstances here justify treating this opinion as a fact. Opinions can be treated as a fact if, importantly, the "relevant information was not readily available to the plaintiff." *Westby*, 112 Wn. App at 570. Here, the offer prices of comparable products were readily available to Santiago. As Santiago alleges, "the actual prices offered by vendors selling the same item tend to converge on the market price." (Compl. ¶ 29.) Consumers could review what price other vendors offered for the same or similar mattresses. This information was readily available to consumers, so any representation of market value is still an opinion.

**C. Santiago cannot plead unjust enrichment in the alternative.**

Plaintiffs can plead unjust enrichment in the alternative to contract claims only when no valid express contract binds the parties. *See Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186–87 (W.D. Wash. 2010). A party to a valid, express contract cannot bring an unjust-enrichment claim for issues arising from the contract's subject matter. *Id.* (*quoting Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 604 (1943)). For an unjust-enrichment claim to proceed in the alternative to a breach-of-contract claim, the contract's validity must be in dispute. *Cf. Zaimi v. Costco Wholesale Corp.*, --- F. Supp. 3d ----, 2026 WL 1145798, at *15 (W.D. Wash. 2026) (allowing alternative unjust-enrichment claim only because defendant left open the ability to later dispute the contract's validity).


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Here, Santiago does not allege that any contract with Mattress Firm was unenforceable or invalid, and Mattress Firm does not and will not contest the validity of the relevant sales contract. In *Minnick*, this Court dismissed an unjust-enrichment claim because the plaintiff did not plead that the key contract provision was unenforceable. *Minnick*, 683 F. Supp. 2d at 1187. Similarly, Santiago does not allege that any contract between him and Mattress Firm was unenforceable. In fact, the breach-of-contract claim necessarily alleges the opposite. (*See* Compl. ¶ 73.) And if this case proceeds beyond the pleadings, Mattress Firm will not dispute the validity of the contract through which Santiago bought the Mattress. The lack of a dispute over whether the contract was valid requires dismissing the unjust-enrichment claim. *See Univera, Inc. v. Terhune*, No. C09–5227 RBL, 2010 WL 3489932, at *5 (W.D. Wash. Aug. 31, 2010) (dismissing unjust-enrichment claim that directly overlapped with express contractual agreements).

**D. Santiago cannot toll the class's statute of limitations or pursue injunctive relief because Mattress Firm's website prices are openly published every day.**

Even if Santiago adequately alleges any of his claims, his class and the claims must be limited. He cannot toll the various statutes of limitations for the putative class or pursue injunctive relief because Mattress Firm's prices are publicly available each day, and consumers can compare them to the prices of other, similar mattresses.

***First***, Santiago cannot toll the statutes of limitations under the delayed-discovery doctrine. (*See* Compl. ¶¶ 47–49.) Washington law will toll a statute of limitations until a plaintiff knows or should have reason to know the factual basis of her claim. *Al-Bustani v. Alger*, No. C22-5238JLR, 2023 WL 1778814, at *5–6 (W.D. Wash. Feb. 6, 2023). But this discovery rule applies only to two kinds of cases: "(1) those in which the defendant conceals a material fact from the plaintiff; and (2) those in which the nature of the plaintiff's injury makes it difficult for the plaintiff to learn of the material facts during the limitations period." *Id.* at *5. The plaintiff is "charged with what a reasonable or diligent inquiry would have discovered at the time." *Clare v. Saberhagen Hldgs, Inc.*, 129 Wn. App. 599, 605 (2005).

The discovery rule does not apply here. Santiago does not allege concealment, nor could



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

he. Mattress Firm's prices were publicly available on its website and posted daily, as Santiago acknowledges. (*See* Compl. ¶ 23.) Further, "the nature of the injury" Santiago alleges does not make it difficult to detect the material facts. *Al-Bustani*, 2023 WL 1778814 at *6 (denying tolling); *see also Clare*, 129 Wash. App. at 605. Again, Mattress Firm publishes its prices daily to anyone with an internet connection, and, as Santiago admits, the prices offered by vendors selling the same item converge on the market price. (*Id.* ¶ 29.) Santiago thus tacitly acknowledges that diligent consumers could compare Mattress Firm's prices to other sellers' prices—or to Mattress Firm's own prices over time. From that effort, they could ascertain the "regular" or "market" price for a particular mattress. *See Al-Bustani*, 2023 WL 1778814 at *6 (not applying the delayed-discovery rule to claims based on a public broadcast). So the class's statute of limitations cannot be tolled.

***Second***, the public and open nature of Mattress Firm's prices prevents any injunctive relief. Santiago and the class have standing to pursue injunctive relief if they show a threat of injury that is "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The injury must be "certainly impending" rather than "possible." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). And when the injury is premised on the "threat of repeated injury" the plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983).

Here, Santiago pleads no facts suggesting any likelihood that he will be wronged again in a similar way, much less that such an injury is "certainly impending." All Santiago can allege is possibility—and a remote one, at that. His claim centers on a mattress, a product that a typical consumer buys only once every decade or so. That is different from a claim centering on a disposable good that consumers buy repeatedly like a personal-hygiene product. *Contra Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018) (concluding that plaintiff alleged a concrete future injury by alleging that she would purchase flushable wipes again if she could rely on representations about product attributes). Santiago does not allege that he is in the market for a new mattress or that he will be anytime in the near future. The Complaint accordingly does not support a plausible inference that Santiago faces a "certainly impending" future injury. And even



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

if Santiago *were* in the market for a new mattress, his Complaint does not support a "certainly impending" future injury because Mattress Firm publicly displays its prices daily, and it offers similar and identical goods as other sellers in the competitive market. Members of the proposed class can compare those prices to determine whether Mattress Firm's reference prices align with the alleged market value. Put simply, Santiago can easily avoid the "injury" that he asserts here.

## V. CONCLUSION

Each of Santiago's claims fail. The Complaint alleges no injury that could support his CPA claim or any damages to support his common-law or sales-contract claims. And, as described above, his claims fail for various other reasons, as well. He identifies no contractual provision that Mattress Firm allegedly breached, and his express-warranty claim contravenes black-letter Washington law. His CPA and misrepresentation claims fail because he identifies no representation from Mattress Firm that its reference prices represent market prices or market value. And his unjust-enrichment claim fails because he has a valid contract.

Accordingly, the Court should dismiss Santiago's Complaint with prejudice.

/ / /


Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Dated: August 17, 2026

Respectfully submitted,

By: /s/ Davis Leigh

David R. Ebel, WSBA #28853
Email: debel@schwabe.com
David Leigh, WSBA #58825
Email: dbleigh@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101
206-622-1711

Michael D. Meuti (OH 0087233)
*Admitted Pro Hac Vice*
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588

Michael B. Silverstein (OH 0098036)
*Pro Hac Vice Forthcoming*
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 614.223.9330

Ruddy S. Abam (IL 6335470)
*Pro Hac Vice Forthcoming*
rabam@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192

*Attorneys for Defendant*
*MATTRESS FIRM, INC.*

I certify that this memorandum contains 6,374 words, in compliance with the Local Civil Rules

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2026, I electronically filed the foregoing NOTICE OF APPEARANCE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
Michael D. Meuti, *Pro hac vice admission forthcoming*
Email: mmeuti@beneschlaw.com
127 Public Square, Suite 4900
Cleveland, OH 44114
*Co-Counsel for Defendant*

NICK MAJOR LAW PLLC
Nicholas R. Major, WSBA No. 49579
nick@nickmajorlaw.com
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
Phone: 206-410-5688
*Local Counsel for Plaintiff*


And I hereby certify that I have emailed the document to the following non-CM/ECF participants:


GUCOVSCHI LAW FIRM, PLLC.
Adrian Gucovschi, *Pro hac vice admission forthcoming*
adrian@gucovschilaw.com
140 Broadway, Fl. 46
New York, New York 10005
Phone: 212-884-4230
Fax: 212-884-4230
*Co-Counsel for Plaintiff*

HEDIN LLP
Frank S. Hedin, *Pro hac vice admission forthcoming*
fhedin@hedinllp.com
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302
Phone: 305-357-2107
Fax: 305-200-8801
*Co-Counsel for Plaintiff*

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
Michael B. Silverstein (OH 0098036)
*Pro Hac Vice Forthcoming*
MSilverstein@beneschlaw.com
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 614.223.9330

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
Ruddy S. Abam (IL 6335470)
*Pro Hac Vice Forthcoming*
rabam@beneschlaw.com
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192


By: */s/ Davis Leigh*
Davis Leigh, WSBA #58825