THE HONORABLE DAVID G. ESTUDILLO

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOHN SANTIAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MATTRESS FIRM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05437-DGE<br><br>NOTE ON MOTION CALENDAR:<br><br>SEPTEMBER 14, 2026 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**<u>MOTION TO DISMISS</u>**



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 3

a. Plaintiff Alleges an Economic Injury .......... 3

i. Plaintiff States a CPA Claim .......... 3

ii. Plaintiff Has Alleged That He Was Injured by Defendant's Breach of Contract .......... 7

iii. Plaintiff Has Alleged That He Was Injured by Defendant's Breach of Express Warranty .......... 9

iv. Plaintiff Has Alleged Damages Supporting His Intentional and Negligent Misrepresentation Claims .......... 11

v. Plaintiff Has Alleged Damages Supporting His Unjust Enrichment Claim .......... 11

b. Plaintiff Has Alleged Actionable Misrepresentations .......... 13

i. Plaintiff Identifies the Contractual Promises Defendant Breached .......... 13

ii. The Reference Prices and False Discounts Created Express Warranties Under Washington Law .......... 16

iii. A Reference Price is a Factual Statement, Not an Opinion .......... 17

c. Plaintiff May Plead an Unjust Enrichment Claim in the Alternative .......... 19

d. Plaintiff is Entitled to Tolling and Injunctive Relief .......... 20

V. CONCLUSION .......... 21



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

## TABLE OF AUTHORITIES

**CASES**

*Afoa v. China Airlines Ltd.*,
2013 WL 3354388 (W.D. Wash. July 3, 2013) .......... 16

*Akinmeji v. Jos. A. Bank Clothiers, Inc.*,
399 F. Supp. 3d 466 (D. Md. 2019) .......... 10

*Al-Bustani v. Alger*,
2023 WL 1778814 (W.D. Wash. Feb. 6, 2023) .......... 20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3

*BP W. Coast Prods., LLC v. Shalabi*,
2012 WL 441155 (W. D. Wash. Feb. 10, 2012) .......... 15

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 21

*Denton v. Department Stores National Bank*,
2011 WL 3298890 (W.D. Wash. Aug. 1, 2011) .......... 15

*Dreamscapes Landscape & Design, LLC v, Bell's Machine Shop Ltd.*,
588 F. Supp. 3d 1164 (W.D. Wash. Mar. 01, 2022) .......... 16

*Erickson v. Pardus*,
551 U.S. 89 (2007) .......... 3

*Ferrie v. Woodford Research, LLC*,
No. 3:19-cv-05798-RBL, 2020 WL 3971343 (W.D. Wash. July 14, 2020) .......... 12

*Fitzgerald v. Shade Store, LLC*,
No. C23-1435RSM, 2024 WL 3540540 (W.D. Wash. July 25, 2024) .......... *passim*

*Freeman v. Indochino Apparel, Inc.,*
443 F. Supp. 3d 1107 (N.D. Cal. 2020) .......... 8

*Haywood v. Amazon.com, Inc.*,
2023 WL 4585362 (W.D. Wash. July 18, 2023) .......... 15



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013) .... 8

*Iceberg v. Kroger Co.*,
No. C25-2342JLR, 2026 WL 548031 (W.D. Wash. Feb. 27, 2026) .... 12

*In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litigation*,
764 F. Supp. 3d 1026 (W.D. Wash. 2025).... 16

*Keithly v. Intelius Inc.*,
764 F. Supp. 2d 1257 (W.D. Wash. 2011).... 12

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .... 3

*Lemelson v. Wells Fargo Bank, N.A.*,
641 F. Supp. 3d 1005 (W. D. Wash. 2022).... 15

*Marino v. Coach, Inc.*,
264 F. Supp. 3d 558 (S.D.N.Y. 2017) .... 10

*Marks v. United Parks & Resorts, Inc.*,
No. 24-CV-1992-MMA-KSC, 2025 WL 2767941 (S.D. Cal. Sept. 26, 2025) .... 18

*McCarrell v. RugsUSA, LLC*,
No. 3:25-CV-00454-AB, 2025 WL 2256278 (D. Or. Aug. 7, 2025).... 8, 15

*McDonnell Douglas Corp. v. Thiokol Corp.*,
124 F.3d 1173 (9th Cir. 1997) .... 10, 17

*Montes v. SPARC Grp. LLC*,
6 Wash. 3d 321 (2026).... *passim*

*Nemykina v. Old Navy, LLC*,
461 F. Supp. 3d 1054 (W.D. Wash. 2020).... 3, 5, 6, 21

*Phillips v. Brooklyn Bedding LLC*,
No. 23-CV-03781-RFL, 2024 WL 2830663 (N.D. Cal. Mar. 28, 2024).... 14, 16, 17

*Robey v. SPARC Grp. LLC*,
256 N.J. 541 (2024) .... 8

*Vizcarra v. Michaels Stores, Inc.*,
2024 WL 64747 (N.D. Cal. 2024) .... 16



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

*Westby v. Gorsuch*,
112 Wn. App. 558 (2002) .................... 18

*Young v. Toyota Motor Sales, U.S.A.,*
196 Wash.2d 310 (2020) .................... 5

*Young v. Young*,
164 Wn.2d 477 (2008) .................... 13

*Zaimi v. Costco Wholesale Corp.*,
No. 2:25-cv-01076-JHC, 2026 WL 1145798 (W.D. Wash. Apr. 28, 2026) .................... *passim*

**STATUTES**

Revised Code of Washington 19.86, *et. seq*. .................... 2

Revised Code of Washington 62A.2, *et. seq* .................... 9, 10

**RULES**

Federal Rule of Civil Procedure 12(b) .................... 1, 3



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

## I. INTRODUCTION

Defendant Mattress Firm, Inc. ("Defendant") moves the Court to dismiss Plaintiff John Santiago's ("Plaintiff") Class Action Complaint (the "Complaint"), ECF No. 1, under three theories: (1) that Plaintiff fails to allege an economic injury, (2), that Defendant's reference prices are not actionable misrepresentations or contractual promises, and (3), that Plaintiff's factual allegations are insufficient under Rule 12(b)(6). ECF No. 7. Defendant is wrong on each count, and its Motion to Dismiss Plaintiff's Complaint (the "Motion") should be swiftly denied.

First, Plaintiff alleges a concrete economic injury under the Washington Consumer Protection Act ("CPA") because, but for Defendant's false and misleading use of reference prices, Plaintiff would not have purchased the product at all, or was induced into purchasing the product for more than it was worth—which is sufficient to establish an injury under the CPA and his common law claims. Second, Defendant's reference prices are, in fact, material representations and contractual promises that may support Plaintiff's claims. Third, each of Plaintiff's claims is adequately alleged.

## II. BACKGROUND

This case presents the question of whether reasonable consumers could be misled into purchasing products they would not have otherwise purchased but for Defendant's representations that the products were being sold at a discount when they were not, in fact, discounted. Because the answer to that question is "yes," Defendant's Motion must be denied in its entirety.

Defendant exploits consumers' reasonable desires to capitalize on what they perceive to be a "limited-time deal" by displaying false reference prices and percentage discounts on its website, www.mattressfirm.com (the "Website"). Defendant knows that, by creating the illusions that consumers are getting a substantial discount and a false sense of urgency tied to the "sale",



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

consumers will make purchases they otherwise would not have made, at prices they otherwise would not have paid. Complaint, ¶¶ 34-38.

When a consumer visits the Website, Defendant represents its products as being substantially discounted from a "crossed-out" reference price, which is displayed next to the sale price, and also displays a figure representing the percentage of the supposed discount. Complaint, ¶ 20. Defendant's use of the crossed-out reference price and the percent discount conveys to consumers that the reference price is the *typical price* of the product, and that the displayed sale price represents a substantial discount from that price. As a result, Defendant misleads reasonable consumers into believing that the products on its Website are being sold at a discount, and that the "sale" is a limited-time opportunity. However, unbeknownst to consumers, Defendant *rarely, if ever,* actually sells its products at the reference price—the "sales" are in fact perpetual. Complaint, ¶¶ 22-26.

These tactics played out as Defendant intended when Plaintiff visited the Website in May 2025. Defendant was advertising a Beautyrest Silver BRS900-C 75 13.75'' Extra Firm Full Mattress for sale for a purportedly discounted price of $561.99. Complaint, ¶ 38. Defendant displayed a false reference price of $1,559.99, leading Plaintiff to believe that he was taking advantage of a limited-time $998.00 discount. Complaint, ¶ 39. Plaintiff was accordingly misled into purchasing the mattress—a decision he would not have otherwise made had Defendant honestly represented the value of the mattress. Complaint, ¶ 46.

## III. <u>LEGAL STANDARD</u>

In evaluating a Rule 12(b)(6) Motion, a court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). It must construe those allegations "in the light



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The pleadings need only suggest a "plausible" scenario showing that the plaintiff is "entitled to relief." *Twombly*, 550 U.S. at 556-557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Rule 9(b), where it applies, requires allegation of "the who, what, when, where, and how of the misconduct charged," "a plaintiff is not required to proffer evidence at the pleading stage, even for fraud; plausible allegations will suffice," particularly where the missing detail is "a simple, discrete fact most certainly in Defendants' possession, easily discoverable." *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1059-60 (W.D. Wash. 2020).

## IV. <u>ARGUMENT</u>

### a. <u>PLAINTIFF ALLEGES AN ECONOMIC INJURY</u>

#### i. <u>Plaintiff States a CPA Claim</u>

Defendant contends, relying heavily on the Washington Supreme Court's decision in *Montes v. SPARC Grp. LLC*, 6 Wash. 3d 321, 586 P.3d 999 (2026), that an "objective difference is necessary to establish that [a] consumer's purchase injured him." Motion, at 4. But, in making its argument, Defendant distorts the holding of *Montes*, making it far broader than the Washington Supreme Court intended. Defendant argues that *Montes* forecloses the "purchase-price", "benefit-of-the-bargain", or "price premium" theories of economic injury for a false-discount plaintiff—it does not. Defendant also misstates *Montes*' holding in arguing that "a consumer's merely buying something that she might not have otherwise bought is not an economic injury." Mot. at 5. Again, *Montes* does not express such a holding.



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Instead, the question certified for the Washington Supreme Court's consideration in *Montes* was specifically "whether a consumer suffers an economic injury in 'her business or property' when she purchases—and obtains—the very product she sought to obtain but does so because the seller misrepresented the product's price history." *Montes*, 6 Wash. 3d at 324. The Court held that, "[w]ithout more, the answer to this question is no." *Id.* But the Court then identified that "[a] consumer could allege economic loss if, for example, the product she received was objectively different from or less valuable than what was advertised." *Montes*, 6 Wash. 3d at 333. The plaintiff in *Montes* failed to make such allegations. She in fact affirmatively conceded that what she received was worth exactly what she paid, admitting that the leggings she bought were worth $6.00—the actual purchase price. Without any alleged difference in price, and without any allegations that the leggings were materially different from the ones advertised, the Court was forced to conclude that the plaintiff had alleged nothing beyond "disappointed expectations", which, standing alone, cannot establish an economic injury. *Id*. at 325. That holding is uncontroversial, but does not apply here because Plaintiff's Complaint supplies the allegations that defeated the plaintiff's CPA claim in *Montes*.

Plaintiff alleges that Defendant's products "not only have a market value lower than the promised former price, but the market value of the products is also lower than the discounted 'sale' price." Complaint ¶ 5. He alleges that Defendant's "advertised reference prices are higher than the prevailing market prices for the identical products." *Id.* ¶ 29, and that he was injured when Defendant's false reference price caused him "to accept products of lower market value than represented by Defendant's reference prices." *Id.* ¶ 38. These allegations pass muster under *Montes*.



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Other courts in this district have reached the same conclusion even post-*Montes*. In *Zaimi v. Costco Wholesale Corp.*, No. 2:25-cv-01076-JHC, 2026 WL 1145798 (W.D. Wash. Apr. 28, 2026)—a decision rendered three weeks after *Montes* was decided—Judge Chun denied a defendant's motion to dismiss a plaintiff's false-pricing CPA claim. In doing so, he considered *Montes* and rejected the very argument Defendant now advances, explaining that "'[i]nducing a plaintiff into spending money she otherwise would not have spent, based on a misrepresentation, is clearly a cognizable injury' under the CPA." *Zaimi*, 2026 WL 1145798, at *6 (citing *Nemykina v. Old Navy, LLC,* 461 F. Supp. 3d 1054, 1061 (W.D. Wash. 2020)). He also distinguished the allegations in *Montes*, noting (in *Montes*' own language) that "Plaintiff alleges that 'the product she received was . . . less valuable than what was advertised,' which 'allege[s] economic loss.'" *Id.* at *6 n.9 (quoting *Montes*, 6 Wash. 3d at 325). Here, in his Complaint, Plaintiff does exactly what the plaintiff in *Montes* did not: he alleges that "the product [he] received was … less valuable than what was advertised." *Montes*, 6 Wash. 3d at 325 Thus, by *Montes*' own terms, Plaintiff's allegations are distinguishable.

Accordingly, Defendant's arguments that Plaintiff cannot establish an economic injury under either the purchase-price or price-premium theories fails. As to the purchase-price theory, Defendant characterizes Plaintiff's allegations as "dashed expectations", standing alone.[1] Mot. at 5. But, as explained, Plaintiff has alleged more than just disappointment or buyer's remorse. He alleges that the product he received was *worth less* than what was advertised. This is sufficient

[1] Additionally, Defendant's citation to *Young v. Toyota Motor Sales, U.S.A.,* 196 Wash.2d 310, 320 (2020), is inapposite. In *Young*, the misrepresentation at issue involved a temperature display on a car's rearview mirror, which the court found had caused the plaintiff no injury because plaintiff had not relied on the misrepresentation in making the decision to purchase the vehicle. *Young*, 196 Wash.2d at 322. In other words, there was no material, objective difference. Here, by contrast, there is—the value of the goods.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

under *Montes*. As to the price-premium theory, Defendant argues, citing *Montes*, that Plaintiff's allegations regarding the value of the product he received are "legal conclusions" that are owed no deference. Mot. at 6. But Defendant once again misstates *Montes*' holding. What *Montes* rejects is the conclusion "that the leggings' falsified price history made those leggings materially different from and less valuable than the leggings she wanted." *Montes*, 6 Wash.3d at 333. In context, the plaintiff in *Montes* had alleged no facts supporting an "objective difference" in the leggings (again, having conceded that the price she paid was the actual value of the leggings), and asked the Court to treat the false reference price *alone* as an "objective difference." By contrast, Plaintiff's allegations require no such inferences. Contrary to Defendant's assertion that "[Plaintiff] alleges no facts supporting his allegation[,]" Plaintiff's allegations are both factual and supported. He alleges that the false reference prices exceed "the prevailing market prices for the identical products," Compl. ¶ 29, that Defendant "does not independently verify that the reference prices are the prevailing market prices" charged by other retailers, Compl. ¶ 28, that Defendant "consistently sells the products at issue at prices significantly (i.e., 25% or more) lower than its advertised former prices," Compl. ¶ 29, that a representative sample of products on Defendant's Website carried the same false reference prices and actual sale prices for at least six consecutive months, Compl. ¶ 25, and that the discounts represented to be "time-limited" were in fact perpetual. Compl. ¶ 23. He further alleges *how* the sale price exceeds the value of the product. Compl. ¶ 5. These allegations suffice to allege a price premium under Rule 9(b). *See Nemykina*, 461 F. Supp. 3d at 1059-60.

Finally, Defendant reads Plaintiff's allegation that "[i]n competitive markets, the actual prices offered by vendors selling the same item tend to converge on the market price" as a concession that the products on the Website are sold at prices that "represent[] the good's value,"



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Mot. at 6. It is in no way a concession. Defendant takes the allegation out of context—Plaintiff specifically alleges that "many of the products are sold exclusively at Mattress Firm, making it impossible for any external market to establish a prevailing price at the inflated reference price." Compl. ¶ 30. In other words, where Defendant is the only source for the product, it may set prices untethered to any prevailing market price. As Plaintiff alleges, Defendant sets both the reference and final sale prices, which *exceed* what Defendant could otherwise charge in a competitive market. Compl. ¶ 29. Thus, *Montes*' declaration that "the market determines the fair market value" simply does not hold where there is no competitive market. *See Montes*, 6 Wash. 3d at 334. Instead, the questions of whether Defendant sets its prices in a competitive market and whether the products sold on its Website are fungible commodities whose prices are determined by a competitive market,[2] are factual ones. They cannot be resolved against Plaintiff at this stage.

Because Plaintiff's allegations are both readily distinguishable from those in *Montes* and sufficiently alleged, he has stated a claim under the CPA. Defendant's Motion should be denied.

**ii. Plaintiff Has Alleged That He Was Injured by Defendant's Breach of Contract**

Defendant next argues that Plaintiff has failed to plead breach of contract because he has not established that he was injured—specifically, Defendant contends that Plaintiff failed to allege price-premium or expectation damages. Mot. at 7. Defendant again relies heavily on *Montes*, but its argument fails for the same reasons explained above. As to price-premium damages, Defendant repeats its out-of-context and inapposite citation of *Montes* to argue that Plaintiff has not alleged

[2] *Montes* repeatedly emphasizes, and partially bases its holding on, the fact that the leggings in its case were "fungible" as to similar leggings sold on the market. *Montes*, 6 Wash.3d at 334. Whether that holds for the products sold by Defendant here is another factual question unripe for resolution at this stage.



HEDIN LLP
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

"a disparity between the price he paid and the market price." Mot. at 7. As explained, Plaintiff has alleged exactly that. *Supra* at 6-7; Compl. ¶¶ 29-30.

Defendant's argument regarding expectation damages fares no better because it relies heavily on *Montes*, which held that "disappointed expectations" *without more* cannot form the basis for an economic injury.[3] But Plaintiff supplies more than just disappointed expectations. He alleges that Defendant was contractually obligated to provide both a product with market value equal to the reference price, and that Defendant was required to provide the represented discount. Compl. ¶ 74. He also alleges an "objective difference" because Defendant, through its misrepresentations, charged prices that exceeded what Defendant could otherwise charge, so he received a product less valuable than what he paid for. Compl. ¶¶ 46, 68. That price differential is a material, objective difference sufficient to allege an injury. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013) (holding, in UCL context, that economic injury exists for consumers who were misled into purchasing products through false price advertisements). Accordingly, courts within this Circuit considering similar false discount claims typically find such allegations sufficient to plead damages, and state a claim, for breach of contract. *See, e.g.*, *McCarrell v. RugsUSA, LLC*, No. 3:25-CV-00454-AB, 2025 WL 2256278, at *8 (D. Or. Aug. 7, 2025) (denying motion to dismiss breach of contract claim on similar allegations in false-discount case); *Freeman v. Indochino Apparel, Inc.,* 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) ("Indochino's argument that Plaintiff does not give even an estimated amount or propose any way to calculate these purported damages misunderstands plaintiff's pleading burden. Such issues are

---

[3] Defendant's citation to *Robey v. SPARC Grp. LLC*, 256 N.J. 541 (2024) is misplaced for the same reasons its reliance on *Montes* is misplaced. *Robey* applied, analyzed, and based its decision on New Jersey law, and as with *Montes*, the allegations involved in *Robey* are distinguishable for the same reasons *Montes* is distinguishable.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

premature and not a valid basis to dismiss the breach of contract claim.") (internal citations and quotations omitted).

Accordingly, Defendant's Motion should be denied as to Plaintiff's breach of contract claim.

**iii. Plaintiff Has Alleged That He Was Injured by Defendant's Breach of Express Warranty**

Defendant then invokes RCW § 62A.2-313(2), which contains an exception for "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion", to argue that its price-based representations are not express warranties. This reading is contrary to the statute, and was directly rejected in *Fitzgerald v. Shade Store, LLC*, No. C23-1435RSM, 2024 WL 3540540, at *1 (W.D. Wash. July 25, 2024).

First, as the official comments to § 2-313 make clear, § 2-313(2)'s exception is intended to exclude statements no buyer would treat as a basis for the bargain. RCW § 62A.2-313, cmt. 8 ("Concerning affirmations of value or a seller's opinion or commendation under subsection (2), the basic question remains the same: What statements of the seller have in the circumstances and in objective judgment become part of the basis of the bargain?"). The exception is *not* designed to exclude a seller's representations regarding price from being considered express warranties: "Even as to false statements of value, however, the possibility is left open that a remedy may be provided by the law relating to fraud or misrepresentation." *Id.*

Second, in *Fitzgerald*, Judge Martinez considered, and rejected head-on, the very same argument Defendant now makes. There, the plaintiff made highly similar allegations that the defendant "issued material, written warranties by advertising that the Products had a prevailing market value equal to the advertised regular price" and that "the Products were being sold at an



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

advertised discounted price." *Fitzgerald*, 2024 WL 3540540, at *3. And like Defendant here, the defendant in *Fitzgerald* denied that these allegations were express warranties, arguing that "to constitute an express warranty, a statement must relate to the quality of the good." *Id.* Judge Martinez rejected such a narrow construction, holding—in line with the comments to § 2-313—that an express warranty is "any affirmation of fact or promise, any description, or any sample or model by a seller relating to or describing the goods when such representation forms the basis of the bargain." *Id.* Moreover, "[w]hether the seller's representations formed part of the basis of the parties' bargain is a question of fact" unripe for resolution at this stage. *Zaimi*, 2026 WL 1145798, at *11 (citing *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997)). Defendant offers this Court no reason why it should depart from Judge Martinez's well-justified decision to deny the motion to dismiss in *Fitzgerald*. The authorities it cites are both out-of-district and pre-date both *Fitzgerald* and *Zaimi*.[4] Rather, those two recent, in-district decisions (one decided after *Montes*) both counsel that the claim should not be dismissed.

Finally, Defendant's argument that Plaintiff cannot establish "benefit-of-the-bargain" damages for a breach of express warranty holds no water. Plaintiff alleges a difference between the "value of the goods accepted" and "the value they would have had if they had been as warranted"—that is, if they were as valuable as the false reference price suggested. RCW § 62A.2-714(2). As explained, these allegations are sufficient to establish an injury for purposes of Plaintiff's claim for breach of express warranty, and the Motion should be denied. *see supra* at 4.

---

[4] Specifically, Defendant cites *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558 (S.D.N.Y. 2017), and *Akinmeji v. Jos. A. Bank Clothiers, Inc.*, 399 F. Supp. 3d 466 (D. Md. 2019) as contrary authorities. Mot. at 8-9.



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

**iv. Plaintiff Has Alleged Damages Supporting His Intentional and Negligent Misrepresentation Claims**

Defendant advances essentially the same argument with respect to Plaintiff's claims for intentional and negligent misrepresentation. Defendant repeats its argument that Plaintiff's allegations do not support benefit-of-the-bargain damages, which Defendant contends require a showing of an "objective difference between the product as advertised and the product received"—in other words, the economic injury Defendant contends has not been alleged. Mot., at 10. But, as Plaintiff has explained, he *has* alleged an objective difference—that the mattress he purchased was worth less than the price paid—that both distinguishes his injuries from those in *Montes* and establishes an injury for the purposes of his misrepresentation claims. *Supra* at 4-7; Compl. ¶¶ 5, 38, 68, 86. And, as explained above, Plaintiff's allegations that Defendant's misrepresentations caused him to spend money that he otherwise would not have spent *do* establish economic loss both under the CPA and for purposes of his common-law misrepresentation claims. *See supra* at 5; *Zaimi*, 2026 WL 1145798, at *6 ("[i]nducing a plaintiff into spending money she otherwise would not have spent, based on a misrepresentation, is clearly a cognizable injury under the CPA.") (internal quotations omitted). The Motion should be denied as to both Plaintiff's intentional and negligent misrepresentation claims.

**v. Plaintiff Has Alleged Damages Supporting His Unjust Enrichment Claim**

Defendant bases its unjust enrichment argument on a single sentence from *Montes*: "in return for their money, the consumer receives something of value." Mot. at 11 (quoting *Montes*, 6 Wash.3d at 333). Defendant then extrapolates from *Montes* to assert that "[w]hen both parties receive value, the transaction imposes no unjust enrichment." *Id. Montes* never expressed such a holding. The quoted sentence appears in the Washington Supreme Court's analysis of statutory injury under the CPA, and *Montes* does not address unjust enrichment whatsoever. *See Montes*,





**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

6 Wash.3d at 333-334. Defendant's articulation of the rule also misstates the law. If Defendant's reading were correct, *no* plaintiff could maintain an unjust enrichment claim against a retailer. The fact that a plaintiff receives *some* value in a transaction does not defeat an unjust enrichment claim, as other courts in this district have repeatedly found. *See, e.g., Fitzgerald*, 2024 WL 3540540, at *7 (denying motion to dismiss unjust enrichment claim on substantially similar false-discount allegations); *Iceberg v. Kroger Co.*, No. C25-2342JLR, 2026 WL 548031, at *4 (W.D. Wash. Feb. 27, 2026) (denying motion to dismiss unjust enrichment claim on deceptive advertising allegations for products purchased by plaintiff). For example, in *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1267 (W.D. Wash. 2011), the defendant used deceptive marketing practices to register consumers for paid subscriptions. Judge Lasnik denied the motion to dismiss the unjust enrichment claim even though the plaintiff had received some value—a subscription—from the defendant, because the defendant had obtained a benefit through deception. *Id*. at 1271. That is the case here.

Defendant's assertion that Plaintiff must allege "facts showing that Mattress Firm received money without also conferring a benefit to [Plaintiff]" is wrong.[5] That is not an element of unjust enrichment. Instead, Plaintiff must allege that "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the

[5] Additionally, Defendant's citation to *Ferrie v. Woodford Research, LLC*, No. 3:19-cv-05798-RBL, 2020 WL 3971343, at *13 (W.D. Wash. July 14, 2020), does not stand for the proposition that Plaintiff must *specifically allege the amount* unjustly retained, as Defendant suggests. There, the plaintiff sued several defendants over a cryptocurrency arbitrage scheme, but alleged *several* types of payments to defendants, including "commissions, referral fees, and other charges" without differentiating between defendants or specifying which payments were unjust (as opposed to payments for which plaintiff was not seeking restitution). *Id.* at *14. The court never articulated a rule that, at the pleading stage, a plaintiff must allege the specific sum unjustly retained. By contrast, there is no such confusion with Plaintiff's allegations, which specifically describe the mechanism of the unjust enrichment: the inflated prices Defendant is able to charge because of its false discounts.



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 485 (2008). Plaintiff has done so. He alleges that "Defendant's unlawful and deceptive pricing scheme induced Plaintiff and the Class to spend money they otherwise would not have spent, purchase items they otherwise would not have purchased, and/or spend more money for a product than they otherwise would have absent the deceptive advertising," Compl. ¶ 108, and that he "conferred a monetary benefit on Defendant in the form of Defendant's profits generated by the deceptive marketing scheme. Defendant profited from inappropriately and artificially inflated prices." Compl. ¶ 109. Plaintiff specifically identifies the subject products, dates of the misrepresentations, the content of the misrepresentations, and the mechanisms by which Defendant obtained a benefit from Plaintiff through its misrepresentations. Compl. ¶¶ 39-41. Because Plaintiff has adequately alleged unjust enrichment, the Motion should be denied as to this claim.

**b. <u>PLAINTIFF HAS ALLEGED ACTIONABLE MISREPRESENTATIONS</u>**

Returning to Plaintiff's claims for breach of contract, breach of express warranty, intentional misrepresentation, and under the CPA, Defendant argues that each claim fails because Plaintiff alleges no actionable misrepresentations. This is a position unsupported by the law or by a reading of Plaintiff's Complaint, and the Motion should be denied.

**i. Plaintiff Identifies the Contractual Promises Defendant Breached**

Defendant first argues that Plaintiff may not maintain a claim for breach of contract because he "neither attaches a contract to the Complaint, nor quotes its relevant provisions." Mot. at 12. But Defendant points to no authority holding that the failure to attach a contract is necessary in all cases to state a claim for breach of contract (indeed, courts in other false discount cases



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

consistently hold that it is not), and Defendant disregards that Plaintiff *has* identified the terms of the breached contract.

Defendant's claim that Plaintiff "identifies no specific contractual term that Mattress Firm allegedly breached", Mot. at 13, is easily refuted by reference to the Complaint. Plaintiff alleges that he, and the class members, "entered into contracts with Defendant when they placed orders to purchase Products on Defendant's Website." Compl. ¶ 73. He alleges the terms of this contract: "Plaintiff and Class Members would pay Defendant for Products ordered"; that "Defendant provide Plaintiff and Class Members with Products that have a market value equal to the reference prices displayed on the Website"; and that "defendant provide Plaintiff and Class Members with the discount advertised on the Website and listed on the receipt." Compl. ¶ 74. He further alleges that Defendant breached these contracts by "failing to provide Products that had a market value equal to the reference price displayed on its Website, and by failing to provide the promised discount." Compl. ¶ 76. That is sufficient, as numerous other courts in this circuit have found in similar false discount cases. *See, e.g., Fitzgerald*, 2024 WL 3540540, at *3 (allegations that "Defendant breached its contracts by failing to provide Ms. Fitzgerald and other members of the putative class with Products that have a regular price and market value equal to the regular price displayed, and by failing to provide the discount it promised" sufficient to state claim for breach of contract); *Phillips v. Brooklyn Bedding LLC*, No. 23-CV-03781-RFL, 2024 WL 2830663, at *6 (N.D. Cal. Mar. 28, 2024) (denying motion to dismiss breach of contract claim in false discount case where plaintiff alleged that he entered a contract to purchase sheets, that defendant was obligated to provide him sheets worth the sale price displayed on its website, and that defendant breached the contract by failing to provide sheets with "a regular price and market value equal to the regular price displayed, and by failing to provide the discount it promised."); *McCarrell v.*

*RugsUSA, LLC*, No. 3:25-CV-00454-AB, 2025 WL 2256278, at *8 (D. Or. Aug. 7, 2025) (denying motion to dismiss breach of contract claim on allegations that "Plaintiff entered into a contract with Defendant in which she would pay for a rug, and in return, Defendant would provide the rug at a former price, and a market value, equal to the regular prices displayed on the websites, along with a specific discount advertised on the website.")

Defendant's cited authorities miss the mark. For example, *BP W. Coast Prods., LLC v. Shalabi* did not involve, as Defendant suggests, an omission of "relevant contract text from the Complaint." Mot. at 13. That case involved counterclaims for breach of an attached contract, and the court only partially dismissed the claims without prejudice because, with respect to certain conduct, Shalabi failed to articulate "which conduct violated the duties imposed" and which provisions of the contract the conduct violated, "[making] it impossible for the Court to weigh whether the claims are adequately pleaded." *Shalabi*, 2012 WL 441155, at *4 (W. D. Wash. Feb. 10, 2012). In *Lemelson v. Wells Fargo Bank, N.A.,* the plaintiff merely alleged that Wells Fargo breached a contract without articulating the terms that were breached—unlike Plaintiff, who does. 641 F. Supp. 3d 1005, 1012 (W. D. Wash. 2022). The holding in *Denton v. Department Stores National Bank* is distinguishable, as it turned on the fact that the plaintiff "never tried to receive benefits under the contract." 2011 WL 3298890, at *5 (W.D. Wash. Aug. 1, 2011). *Haywood v. Amazon.com, Inc.* is similarly distinguishable, as the plaintiff there failed to allege which duty Amazon breached. 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023). In contrast to each of these cases, Plaintiff clearly identifies the contract, the terms, and the breach.

Moreover, Defendant's contention that the contract did not "[require] Mattress Firm to provide a Mattress with a market value equal to the reference price, or to sell the Mattress at a set discount, rather than a set price" is a factual question that cannot be resolved on a motion to

dismiss. *Vizcarra v. Michaels Stores, Inc.*, 2024 WL 64747, at *8 (N.D. Cal. 2024); *Phillips*, 2024 WL 2830663, at *6. For all of these reasons, the Motion must be denied as to Plaintiff's breach of contract claims.

**ii. The Reference Prices and False Discounts Created Express Warranties Under Washington Law**

Here, Defendant again advances the argument that its displayed reference prices are not express warranties of the prevailing market value of the products. Defendant (citing to no authority) asserts that Plaintiff is required to identify a "statement *explicitly* warranting that the Mattress had a particular market value, would retain any specific market value, or possessed any characteristic that later proved untrue." Mot. at 13. Not only does this mischaracterize Plaintiff's allegations, it also directly contradicts § 2-313(2), which states that "[i]t is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee[.]'" And, for the reasons explained in Section IV.a.iii, Defendant's exceedingly narrow reading of the doctrine of express warranty simply does not hold. *Supra* at 8-9.

Tellingly, none of Defendant's cited authorities here are factually analogous whatsoever. *Dreamscapes Landscape & Design, LLC v, Bell's Machine Shop Ltd.* involved a promise that goods would be delivered by a certain time—*not* any representation about the goods themselves. 588 F. Supp. 3d at 1164. The plaintiffs in *In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litigation* failed to allege that they even *saw* the representations they claimed formed the express warranty. 764 F. Supp. 3d 1026, 1042 (W.D. Wash. 2025). The plaintiff in *Afoa v. China Airlines Ltd.* similarly failed to allege that any specific representations were made. 2013 WL 3354388, at *3 (W.D. Wash. July 3, 2013).

Unlike the plaintiffs in those cases, Plaintiff has identified the specific representation (a reference price of $1,559.99, along with an advertised percentage discount), Compl. ¶ 40, where



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

that representation was made (on the Website), Compl. ¶ 39, the date the representation was made (May 17, 2025), Compl. ¶ 39, and the basis for his knowledge of, and reliance on, the representation. Compl. ¶¶ 41-43. He also identifies what the warranty was: that the reference price represented the prevailing market value of the product he purchased. Compl. ¶ 82. Courts considering similar false discount cases agree that this is sufficient to state a claim for breach of express warranty. *Fitzgerald*, 2024 WL 3540540, at *4 (denying motion to dismiss breach of express warranty claim on allegations that defendant "[advertised] that the Products had a prevailing market value equal to the advertised regular price" and that "the Products were being sold at an advertised discounted price."); *Phillips,* 2024 WL 2830663 at *7 (same, on allegations that product "had a prevailing market value equal to the regular price displayed on [its] website" and that [t]his warranty was breached … because the product's "stated market value was not the prevailing market value.").

Finally, "[w]hether the seller's representations formed part of the basis of the parties' bargain is a question of fact" that cannot be resolved on the pleadings. *Zaimi*, 2026 WL 1145798, at *11 (citing *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997)). The Court should reject Defendant's repeated arguments regarding the express warranty claim and deny the Motion.

**iii. A Reference Price is a Factual Statement, Not an Opinion**

As to Plaintiff's intentional misrepresentation and CPA claims, Defendant argues that its false reference prices and discounts—which are shown as dollar amounts and percentages, respectively—are merely "abstract claims about value" that are opinions, not factual representations. Mot. at 15. Not so. Plaintiff alleges that Defendant displayed a specific dollar amount—in his case, $1,559.99—struck through, next to a lower price, and thus represented as a



HEDIN LLP
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

matter of fact that the reference price was the price at which the product had been regularly and recently sold, representing that he was receiving a discount from that historical price. Compl. ¶¶ 19-25, 39-41. This is clearly factual, not a matter of opinion. *Marks v. United Parks & Resorts, Inc.*, No. 24-CV-1992-MMA-KSC, 2025 WL 2767941, at *11 (S.D. Cal. Sept. 26, 2025) (allegation that a strikethrough price of $114.99 represented a product's market value, and a sale price of $89.99 represented a discount from that value, was "an actionable affirmation of fact or description rather than nonactionable opinion.").

Moreover, to the extent the Court determines that reference prices and percentage discounts are opinions, rather than facts, it should still treat it those representations as factual because the "relevant information was not readily available to the plaintiff." Mot. at 15 (quoting *Westby v. Gorsuch*, 112 Wn. App. 558, 570 (2002)). Defendant argues that Plaintiff could have discovered the relevant information simply by comparing Defendant's prices with those of Defendant's competitors. But it is hard to see how that could be true. Comparison shopping would tell a consumer nothing about whether the product was historically offered by Defendant at the reference price. Additionally, "when there is a positive, distinct, and definite representation, the representee has no duty to investigate the truth of the representation." *Westby*, 112 Wn. App. at 576. This is especially true when the party expressing the "opinion" is in a superior position to accurately judge the truthfulness of the information. *Id.* ("This evidence supports a reasonable inference that Gorsuch had a far more sophisticated and accurate understanding of how to value items such as the ticket and postcards than Westby, and Westby should have been able to rely on Gorsuch's representations."). This argument also ignores Plaintiff's allegations that Defendant does not sell its products in a competitive market—and that in many cases, Defendant is the only seller of a product on the market.



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

### c. <u>PLAINTIFF MAY PLEAD AN UNJUST ENRICHMENT CLAIM IN THE ALTERNATIVE</u>

For the second time, Defendant attacks Plaintiff's unjust enrichment claim, arguing that it cannot be pleaded in the alternative because "a valid, express contract" exists, which forecloses any unjust enrichment claim. Mot. at 15-16. Defendant represents that, "if this case proceeds beyond the pleadings, Mattress Firm will not dispute the validity of the contract through which Santiago bought the Mattress." Mot. at 16. This is a departure from Defendant's earlier argument that Plaintiff identifies no "contract [requiring] Mattress Firm to provide a Mattress with a market value equal to the reference price, or to sell the Mattress at a set discount, rather than a set price." Mot. at 12. Defendant now argues that a valid, express contract *does* exist and governs the subject representations.

But Defendant cannot do away with Plaintiff's unjust enrichment claim simply by representing in a motion to dismiss that it will not contest validity, especially in conditional terms, as Defendant does here: "*if this case proceeds beyond the pleadings*, Mattress Firm will not dispute the validity of the contract through which Santiago bought the Mattress." Mot. at 16 (emphasis added); *see Zaimi*, 2026 WL 1145798, at *15 (rejecting defendant's attempt to conditionally concede the validity of a contract to defeat an unjust enrichment claim pleaded in the alternative). Defendant cannot have it both ways: it cannot deny the existence of a valid contract to argue against Plaintiff's breach of contract claim while simultaneously conceding the validity of the contract to defeat an unjust enrichment claim. At the very least, to the extent that Defendant's argument is that the *terms of the contract* did not cover the dispute in this case, that is a question of fact that cannot be resolved against Plaintiff at this stage. The Motion should be denied.

### d. PLAINTIFF IS ENTITLED TO TOLLING AND INJUNCTIVE RELIEF

Finally, Defendant argues that the relevant statutes of limitations cannot be tolled, and Plaintiff cannot pursue injunctive relief, because "Mattress Firm's prices are publicly available each day, and consumers can compare them to the prices of other, similar mattresses." Mot. at 16.

With respect to tolling, as Defendant notes, Washington's discovery rule applies where "the defendant conceals a material fact from the plaintiff" or where "the nature of the plaintiff's injury makes it difficult for the plaintiff to learn of the material facts during the limitations period." Mot. at 16 (quoting *Al-Bustani v. Alger*, 2023 WL 1778814, at *5 (W.D. Wash. Feb. 6, 2023)). That is the case here. Defendant answers that its prices are "publicly available on its website and posted daily," Mot. at 17, but this misses the mark. The fact that a consumer may access Defendant's prices *on a given day* reveals nothing about whether products were ever sold at the reference prices. A consumer would have to undertake an investigation like the one conducted by Plaintiff's counsel using the Wayback Machine, which involved reconstructing Defendant's false discount and reference pricing practices from archived versions of the Website taken over a period of more than two years, to "learn of the material facts" of their injury. Compl. ¶ 23. And Defendant's assertion that consumers could "compare Mattress Firm's prices to other sellers' prices" in order to determine the "market price" of the products fares no better given Plaintiff's allegations that Defendant *does not* sell its products at a competitive market price because of its misrepresentations (and that, for at least some of the subject products, Defendant is the only seller on the market). Compl. ¶¶ 29-30. The relevant statutes of limitations should therefore be tolled for Plaintiff and the class members.

With respect to injunctive relief, Defendant argues that injunctive relief is not warranted because Plaintiff and the class members could avoid any future injury either by not buying



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Defendant's products or by comparing Defendant's reference prices with those of other retailers on the market. Mot. at 17. As explained, this argument fails because requiring Plaintiff and the class members to undertake this comparison would be ineffectual. *Supra* at 20; Compl. ¶¶ 29-30. More importantly, Defendant's position has been squarely rejected by the Ninth Circuit in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (holding that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase."). As the Ninth Circuit explained in *Davidson*,

> Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.

*Id.* at 969-970. Judge Rothstein summed up this holding succinctly in *Nemykina*: "The future harm from which Plaintiff seeks protection is not being deceived; it is being unable to rely on honest pricing practices." 461 F. Supp. 3d at 1062. This is exactly as Plaintiff alleges: "He would purchase Products from Defendant again in the future if he could feel sure that Defendant's reference prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful." Compl. ¶ 45. The Court should reject Defendant's injunctive relief argument.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss (ECF No. 7) in its entirety.

Dated: September 8, 2026 Respectfully submitted,



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

By: */s/ Frank S. Hedin*

**HEDIN LLP**
Frank S. Hedin (*pro hac vice*)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com

**-and-**

Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM**
140 Broadway, Fl. 46
New York, NY 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gr-firm.com

*Counsel for Plaintiffs and the Putative Classes*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7(e)

I certify that this memorandum contains 7,008 words, in compliance with Local Civil Rule 7(e).

*/s/ Frank S. Hedin*

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List, via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Frank S. Hedin*

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com