THE HONORABLE DAVID G. ESTUDILLO

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOHN SANTIAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MATTRESS FIRM, INC.,<br><br>Defendant. | Case No. 3:26-cv-05437-DGE<br><br>NOTE ON MOTION CALENDAR:<br><br>SEPTEMBER 14, 2026 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**<u>MOTION TO STRIKE CLASS ALLEGATIONS</u>**



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

**TABLE OF CONTENTS**


I. INTRODUCTION ....................................................................................................1

II. BACKGROUND ....................................................................................................2

III. LEGAL STANDARD ..............................................................................................2

IV. ARGUMENT .........................................................................................................3

a. Defendant Fails To Show That Washington Law Cannot Govern Out-of-State Consumers' Claims ....................................................................3

i. Application of Washington Law Does Not Offend the Constitution ....................................................................................3

ii. Defendant Cannot Argue that the Court Has No Personal Jurisdiction Over Unnamed Class Members.......................................4

iii. Washington's Choice-of-Law Analysis Indicates That Washington Law Should Be Applied to the Nationwide Class' Claims .............................................................................................5

1. Defendant Has Not Shown That Another State Has the Most Significant Relationship to the Claims ...........................6

2. Defendant Has Not Met Its Burden to Show an Actual Conflict ...........................................................................8

3. Defendant Identifies No Material Variations That Would Change the Outcome of the Claims ..................................9

4. Other States' Interests Do Not Outweigh Those of Washington ..............................................................................11

b. Defendant's Rule 23 Argument is Premature .............................................11

V. CONCLUSION.......................................................................................................13




**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

## TABLE OF AUTHORITIES

**CASES**

*10th Gear LLC v. Paccar, Inc.*,
765 F. Supp. 3d 1078 (W.D. Wash. 2025) .......... 8

*Adan v. Swedish Health Servs.,*
No. 2:23-CV-01266-TL, 2024 WL 2398208 (W.D. Wash. May 23, 2024) .......... 3, 11

*Allstate Ins. Co. v. Hague*,
449 U.S. 302, 101 S. Ct. 633, 66 L. Ed. 2d 521 (1981) .......... 3, 4

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) .......... 10

*Balmuccino, LLC v. Starbucks Corp.*,
No. 2:22-CV-01501 JHC, 2023 WL 4761447 (W.D. Wash. July 26, 2023) .......... 6

*BMW of North America, Inc. v. Gore*,
517 U.S. 559 (1996) .......... 3

*Bristol-Myers Squibb Co.v. Superior Court of Cal., San Francisco Cnty.*,
582 U.S. 255 (2017) .......... 4, 5

*Brown-Forman Distillers Corp. v. New York State Liquor Authority*,
476 U.S. 573 (1986) .......... 3

*Dewey v. Wentland*,
2002 WY 2, 38 P.3d 402 (Wyo. 2002) .......... 10

*Erwin v. Cotter Health Ctrs., Inc.*,
161 Wn.2d 676, 167 P.3d 1112 (2007) .......... 1, 5, 6, 8

*Forcellati v. Hyland's, Inc.*,
876 F. Supp. 2d 1155 (C.D. Cal. 2012) .......... 9

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.,*
175 Wash. App. 840 (2013), aff'd, 180 Wash. 2d 954, 331 P.3d 29 (2014), and aff'd, 190 Wash. 2d 281, 413 P.3d 1 (2018) .......... 6

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*,
180 Wash. 2d 954, 331 P.3d 29 (2014) .......... 6, 7, 11

*Gibson v. Chrysler Corp.*,



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

261 F.3d 927 (9th Cir. 2001) ........................................ 5

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ........................................ 12

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
208 F.R.D. 625 (W.D. Wash. 2002) ........................................ 2

*Jensen v. Cap. One Fin. Corp.*,
No. C24-0727-KKE, 2025 WL 606194 (W.D. Wash. Feb. 25, 2025) ........................................ 11

*Johnson v. Spider Staging Corp.*,
87 Wn.2d 577, 555 P.2d 997 (1976) ........................................ 4

*Kamm v. Cal. City Dev. Co.*,
509 F.2d 205 (9th Cir. 1975) ........................................ 2

*Kelley v. Microsoft Corp.*,
251 F.R.D. 544 (W.D. Wash. 2008) ........................................ 4

*Lee v. ITT Corp.*,
275 F.R.D. 318 (W.D. Wash. 2011) ........................................ 8

*Mazza v. American Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) ........................................ 8, 9, 10, 12

*Moser v. Benefytt, Inc.*,
8 F.4th 872 (9th Cir. 2021) ........................................ 1, 5

*Pattison v. HP Inc.*,
No. 24-CV-02752-MMC, 2024 WL 5011945 (N.D. Cal. Dec. 5, 2024) ........................................ 12, 13

*Petersen v. Costco Wholesale Co.*,
312 F.R.D. 565 (C.D. Cal. 2016) ........................................ 13

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ........................................ 1, 3, 4

*Scherzi v. Pac. Mkt. Int'l, LLC*,
No. 2:24-CV-02151-RAJ, 2026 WL 820820 (W.D. Wash. Mar. 25, 2026) ........................................ 9

*Sotomayor v. Bank of Am., N.A.*,
377 F. Supp. 3d 1034 (C.D. Cal. 2019) ........................................ 5

*Southwell v. Widing Transp., Inc.*,
101 Wash. 2d 200, 676 P.2d 477 (1984) ........................................ 7



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009) .......... 2

*West Coast, Inc. v. Snohomish County*,
112 Wn. App. 200, 48 P.3d 997 (2002) .......... 10

*Wilmuth v. Amazon.com Inc.*,
No. 2:23-CV-01774-JNW, 2024 WL 5088337 (W.D. Wash. Dec. 12, 2024) .......... 12

*Wysocki v. Zoom Techs. Inc.,*
No. 3:22-CV-05453-DGE, 2024 WL 1139094 (W.D. Wash. Mar. 15, 2024) .......... 2, 3

**RULES**

Local Civil Rule 7(3) .......... 1

Rule 23 .......... 2, 5, 11, 12



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

# I. INTRODUCTION

Defendant Mattress Firm, Inc. ("Defendant") moves the Court to strike the nationwide class allegations from Plaintiff John Santiago's ("Plaintiff") Class Action Complaint, ECF No. 1 (the "Complaint") on the theory that no nationwide class could be certified in this case as a matter of law. It attaches five charts summarizing the ways in which each state phrases common-law doctrines, but does not demonstrate that Washington law actually conflicts with the other states' laws or otherwise satisfy Defendant's burden in moving to strike class allegations.

Each of the Motion's three arguments fails. Its constitutional argument fails because Washington has the "significant contact or significant aggregation of contacts, creating state interests" that the Due Process and Full Faith and Credit Clauses require. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985). Its personal jurisdiction argument has been foreclosed by the Ninth Circuit, which held that the argument is not even "available" before certification, because unnamed class members "were not yet parties to the case." *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021). And its choice-of-law argument completely misses the mark on Washington's standard for establishing an *actual* conflict, which requires that "the *result* for a particular issue [be] different under the law of the two states," *Erwin v. Cotter Health Ctrs., Inc.*, 161 Wn.2d 676, 692, 167 P.3d 1112 (2007) (emphasis added), a burden Defendant fails to meet. Moreover, the Motion is premature, as the choice-of-law analysis it asks the Court to undertake cannot be done on an undeveloped record. The Motion should be denied.

# II. BACKGROUND

Plaintiff brings this class action to address Defendant's use of false reference prices and discounts on its website, www.mattressfirm.com (the "Website"). He alleges that Defendant displays a crossed-out reference price and a purported percentage discount by the sale price of its



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

products, Compl. ¶ 20. He alleges that these representations are false—the products were never sold at their displayed reference prices and the "discounts" were perpetual, allowing Defendant to charge inflated prices for its products. Compl. ¶ 21-22. He brings this case on behalf of himself and two classes: a Nationwide Class, defined as "[a]ll persons in the United States who, within the applicable statute of limitations period, purchased one or more mattresses from www.mattressfirm.com at a sale or discounted price from a higher reference price", and a Washington Subclass. Compl. ¶ 50.

Defendant now moves to strike the nationwide class allegations, and this response follows.

## III. LEGAL STANDARD

"In the context of a motion to strike class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable." *Wysocki v. Zoom Techs. Inc.,* No. 3:22-CV-05453-DGE, 2024 WL 1139094, at *4 (W.D. Wash. Mar. 15, 2024). On a motion to strike class allegations, the court "takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Id.* at *5. "In deciding a Rule 12(f) motion to strike, a court should not resolve disputed and substantial factual or legal issues." *Adan v. Swedish Health Servs.,* No. 2:23-CV-01266-TL, 2024 WL 2398208, at *4 (W.D. Wash. May 23, 2024) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–75 (9th Cir. 2010)).[1]

---

[1] Defendant cites several authorities purporting to allow the striking of class allegations at the pleading stage, but each of them is inapposite. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009) was decided on a motion to deny class certification after significant discovery had taken place. Similarly, *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205 (9th Cir. 1975) was a Rule 23 motion where the court determined that the record was sufficient. Finally, plaintiffs in *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 208 F.R.D. 625 (W.D. Wash. 2002) were given an opportunity to conduct discovery, but declined.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

## IV. ARGUMENT

### a. Defendant Fails to Show That Washington Law Cannot Govern Out-of-State Consumers' Claims

#### i. Application of Washington Law Does Not Offend the Constitution

Defendant's constitutional arguments all revolve around a choice-of-law issue: whether the unnamed members of the Nationwide Class have sufficient connections to Washington. In support, Defendant relies primarily on *Shutts*.[2] Mot. at 5-7.

*Shutts* holds that a state may apply its law to a class member's claim if it has "a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." 472 U.S. at 818 (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981). Any constitutional restraints here are "modest restrictions on the application of forum law." *Id.* In *Shutts*, the Supreme Court held that constitutional constraints did not permit the application of Kansas law nationwide where "over 99% of the gas leases and some 97% of the plaintiffs" had "no apparent connection to the State of Kansas except for this lawsuit," and Kansas had no relation "to anything done or to be done within" its borders. 472 U.S. at 815, 822 (quoting *Home Ins. Co. v. Dick*, 281 U.S. 397, 410 (1930)).

By contrast, this case is nothing like *Shutts*. Defendant directed its representations of reference prices and discounts into Washington, where they were received, in Washington, by Plaintiff, a Washington resident, received Plaintiff's order in Washington, and subsequently delivered the product to Washington. Compl. ¶¶ 8, 12, 39-41. Defendant also operates retail stores

[2] Defendant also cites *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *Brown-Forman Distillers Corp. v. New York State Liquor Authority*, 476 U.S. 573 (1986). These cases also fail to support Defendant's argument. *Gore*'s holding only reaches limits on punitive damages based on conduct that was lawful in one state but unlawful in another. 517 U.S. at 572. *Brown-Forman* involved a New York statute regulating liquor sales, and was not a class action. 476 U.S. at 575. Neither case has application here.

in Washington and sells to Washington consumers, both through these stores and its Website. Compl. ¶ 9. And the challenged representations were uniform nationwide. Compl. ¶¶ 19-25. In other words, Washington is hardly a state with "only an insignificant contact with the parties and the occurrence or transaction"; it is the state in which Plaintiff received, relied upon, and was injured by Defendant's representations, and in which Defendant does business. *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 310–11, 101 S. Ct. 633, 639, 66 L. Ed. 2d 521 (1981). These contacts satisfy the Constitution under *Shutts*. And courts have found no constitutional issues in applying Washington law to out-of-state class members. *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551-53 (W.D. Wash. 2008); *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 555 P.2d 997 (1976). This Court should find the same.

**ii. Defendant Cannot Argue That the Court has no Personal Jurisdiction Over Unnamed Class Members**

Defendant's next argument is that this Court has no personal jurisdiction over unnamed, out-of-state members of the Nationwide Class, relying on *Bristol-Myers Squibb Co.v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). *Bristol-Myers* was a mass tort action, filed in state court, involving several hundred named plaintiffs, some of whom were nonresidents of the forum state. 582 U.S. at 258. That is where its application begins and ends, as the Supreme Court noted. *Id.* at 270 ("[W]e leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."). *Bristol-Myers* was neither a federal case nor a class action, and "the weight of authority examining this issue has concluded that *Bristol-Myers* does not apply to class actions." *Sotomayor v. Bank of Am., N.A.*, 377 F. Supp. 3d 1034, 1037 (C.D. Cal. 2019).

Besides, Defendant's Motion cannot ask the Court to dismiss the claims of non-parties. It is a settled rule that, prior to class certification, absent class members are not parties to the lawsuit.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

*Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001) ("[A] class action, when filed, includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23."). This is true for purposes of personal jurisdiction as well. *Sotomayor*, 377 F. Supp. 3d at 1037 ("It stands to reason that if absent class members do not affect the Court's Article III jurisdiction (which cannot be waived), then they are similarly not considered parties-in-interest for purposes of personal jurisdiction (a due process consideration that may be waived)."). Accordingly, as the Ninth Circuit has held, a defendant cannot raise a "Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed putative class members who were not yet parties to the case" prior to class certification. *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021).

Thus, Defendant's personal jurisdiction argument as to the unnamed class members is premature and cannot be resolved until the parties reach class certification.

**iii. Washington's Choice-of-Law Analysis Indicates That Washington Law Should Be Applied to the Nationwide Class' Claims**

Defendant is correct in stating that the first question under Washington's choice-of-law rule is whether an actual conflict exists. But Defendant elides what an "actual conflict" means under Washington law: it is a difference in *outcome*, not simply a difference in the states' presentations of their respective common law doctrines. *Erwin v. Cotter Health Centers*, 161 Wash. 2d 676, 692, 167 P.3d 1112, 1120 (2007) ("If the *result* for a particular issue "is different under the law of the two states, there is a 'real' conflict.") (emphasis added). Short of a showing by a defendant that the result would be different under another state's law, "the situation presents a false conflict and the presumptive local law is applied." *Id.* at 693 (internal quotations omitted); *Balmuccino, LLC v. Starbucks Corp.*, No. 2:22-CV-01501 JHC, 2023 WL 4761447, at *3 (W.D. Wash. July 26, 2023) ("Washington law presumptively applies unless … there is an actual conflict



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

between Washington law and the law of another state and the other state bears a more significant relationship to the claims."). It is only after the defendant shows an actual conflict that the court should proceed to a conflict of laws analysis. *Erwin*, 161 Wn.2d at 692.

Here, Defendant *never argues* in its Motion that the variations in the elements of the common law claims in each state would create differing results. Its choice-of-law argument thus falls at the first hurdle. But even if the conflict of laws analysis is reached, Defendant has failed to show that the differences in state law relevant to this Motion are material. The Motion should be denied.

**1. Defendant Has Not Shown That Another State Has the Most Significant Relationship to the Claims**

Defendant challenges the significance of both Plaintiff's and the unnamed class members' relationships to Washington. Here, the contacts point to Washington as having the most significant relationship to Plaintiff's claims. Under Washington law, courts apply § 148 of the Second Restatement of Law on Conflict of Laws to determine the most significant relationship in fraud or misrepresentation claims. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc*., 180 Wash. 2d 954, 967, 331 P.3d 29, 36 (2014). Section 148 asks where the plaintiff acted in reliance of the representations, where he received the representations, where the defendant made them, and where the parties' relationship was centered. *Id.*; *see also FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.,* 175 Wash. App. 840, 861 (2013), aff'd, 180 Wash. 2d 954, 331 P.3d 29 (2014), and aff'd, 190 Wash. 2d 281, 413 P.3d 1 (2018) ("the place of reliance … is a more important contact than both the place of reception … and the place where the defendant made the representations[.]").

With respect to contacts with the unnamed class members, the Court should not decide at this stage whether Washington law governs their claims. Indeed, the Court cannot do so in the



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

absence of a developed record. A choice-of-law analysis under § 148 "depends upon the underlying facts of that case[,]" *Southwell v. Widing Transp., Inc.*, 101 Wash. 2d 200, 204, 676 P.2d 477, 480 (1984), and the Court cannot determine such a fact-bound analysis at the pleading stage. *FutureSelect*, 180 Wash. 2d at 966 n. 12 (noting that the required choice-of-law analysis "does not lend itself readily to disposition" at the pleading stage).

Indeed, the Washington Supreme Court consistently refuses to decide choice-of-law issues at this stage. For example, in *FutureSelect*, the Washington Supreme Court considered a similar choice-of-law challenge and determined that it could not complete the required weighing of the § 148 factors. *Id.* at 970 ("[T]he record is insufficient to permit us to engage in this inquiry, and so we leave it open."). Additionally, in *Southwell*, the court explained that "[t]he approach is not merely to count contacts, but rather to consider which contacts are most significant and to determine where these contacts are found." *Southwell*, 101 Wash. 2d at 204. That cannot be done where the record contains only the parties' "conclusory allegations," which do not supply the facts necessary for the Court to decide the significance of the contacts to the relevant jurisdictions. *Id.* at 206-207. In *Southwell*, the Washington Supreme Court remanded with instructions to the trial court to deny the motion to strike and allow the parties to "develop the record while preserving the conflicts issue for resolution in light of a sufficiently developed record." *Id.* at 208. The Court should do the same here.

Defendant's contrary authorities do not suggest otherwise. *10th Gear LLC v. Paccar, Inc.* is misplaced. There, the defendant was a Washington resident, but each named plaintiff was a resident of another state, the claim at issue was the Washington Consumer Protection Act, not common law, and the parties had conceded that there was an actual conflict between the Washington CPA and the laws of other states. *10th Gear LLC v. Paccar, Inc.*, 765 F. Supp. 3d



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1078, 1086 (W.D. Wash. 2025). In fact, the court in *10th Gear* found that the plaintiffs' home states had the most significant relationship because the "named plaintiffs are residents of, received defendant's representations, purchased their vehicles, sought warranty repairs, and suffered injury in" their home states. *Id.* Here, each of those enumerated contacts favors a finding that Washington has the most significant relationship. *Lee v. ITT Corp.* does not help Defendant, either. That case was decided at class certification and turned on the fact that only 1% of the class members were Washington residents while the relevant events happened in Kuwait. 275 F.R.D. 318, 324 (W.D. Wash. 2011).

**2. Defendant Has Not Met Its Burden to Show an Actual Conflict**

Washington's choice-of-law rule involves two steps. First, the court must determine whether an "actual conflict" exists—that is, if any conflict of laws would be outcome-determinative. Only once it has answered in the affirmative should it reach the second step and the engage in a conflict of law analysis. *Erwin*, 161 Wash. 2d at 692. Here, Defendant relies only on *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) to argue that an actual conflict exists. But *Mazza* does not make such a showing here. First, as Defendant admits, *Mazza* does not involve Washington's choice-of-law rule. Mot. at 9. Second, *Mazza*'s holding that state consumer protection laws "differ materially" is irrelevant to this Motion, which does not attack Plaintiff's CPA claim. *See* Mot. at 11. Third, *Mazza* was decided at class certification, which, as discussed, does not involve the obstacles attendant to a pleading-stage motion to strike and which make a conflicts analysis premature. *See, e.g, Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012) (holding that "*Mazza* did not purport to hold that nationwide classes are, as a matter of law, uncertifiable" and "it would be premature to speculate about whether the differences in various states' consumer protection laws are material in this case.").



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

In any case, Defendant has not met its burden to establish an actual, outcome-determinative conflict. Its only argument is a conclusory statement that the "differences are significant; they determine whether a claim succeeds or fails." Mot. at 11. Thus, the Court need not reach the second step of Washington's choice-of-law analysis.

### 3. Defendant Identifies No Material Variations That Would Change the Outcome of the Claims

Even assuming that Defendant had met its burden to show an actual conflict, its argument fails because the state laws it highlights are not substantively different from Washington's. As stated in *Mazza*, "[a] problem only arises if differences in state law are material, that is, if they make a difference in this litigation." 666 F.3d at 590. But Defendant's Exhibits show that variations in the elements for each claim are immaterial, and even if Defendant identifies a material variation, it fails to meet its burden to explain how the difference would change the result. Defendant cannot meet that burden by "generally [discussing] variations among state laws[,]" as it does here, "without specifically addressing why there is an actual conflict between Washington law and those of other states." *Scherzi v. Pac. Mkt. Int'l, LLC*, No. 2:24-CV-02151-RAJ, 2026 WL 820820, at *10 (W.D. Wash. Mar. 25, 2026).

First, breach of contract and breach of warranty. Defendant's Exhibit 1 shows that breach of contract is materially the same across all jurisdictions, involving a contract, a breach, and damages. *See* Deft's Ex. 1. But more importantly, Defendant merely points out a variation without explaining whether those differences change the outcome of the claim, as it is required to do. *See Mazza*, 666 F.3d at 590. Similarly, Defendant points out differences in the reliance and notice requirements for breach of express warranty across jurisdictions, but fails to offer any argument that those differences are material. Defendant fails to meet its burden.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Second, fraud. Defendant argues that, because Washington law expresses nine elements for pleading fraud, Texas six, and Wyoming three, the "laws are not uniform." Mot. at 14. But the standards do not differ substantively. Taking Defendant's examples, the difference in number of elements can be reconciled by the fact that Washington treats "ignorance," "reliance," and the "right to rely" as three separate elements, *West Coast, Inc. v. Snohomish County*, 112 Wn. App. 200, 206, 48 P.3d 997 (2002), while Texas treats them as one element, "justifiable reliance." *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 141 (Tex. App. 2006). Similarly, Wyoming adapts the same elements as "reasonable belief" and "reliance." *Dewey v. Wentland*, 2002 WY 2, ¶ 10, 38 P.3d 402, 409-10 (Wyo. 2002). And once again, Defendant has not established that the differences are material—it simply points out that there *are* differences, which is not enough to meet its burden.

Third, unjust enrichment. Defendant argues that in some jurisdictions, unjust enrichment is a standalone claim, while in others, it is not. Mot. at 15. But, as the Ninth Circuit has held, this is an immaterial distinction. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'"). Defendant's argument that some jurisdictions preclude unjust enrichment where the plaintiff has received the "benefit of the bargain" is, again, immaterial: whether a plaintiff receives the "benefit of their bargain" goes to whether a defendant has been unjustly conferred a benefit, which does not vary between jurisdictions. And Defendant's remaining cited authorities are inapposite, as they were each decided at class certification.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

**4. Other States' Interests do not Outweigh Those of Washington**

Defendant argues that the interests of other states in applying their respective laws outweigh those of Washington. But Washington obviously has an interest in governing misrepresentations directed to its residents by a retailer operating within the state. *See* Compl. ¶¶ 9, 12. For example, in *FutureSelect*, the Washington Supreme Court weighed the interests of a New York-based defendant and a Washington-based plaintiff and determined that Washington's interests were greater. 180 Wash. 2d at 970. As the court explained, "Washington has a more compelling interest in protecting its investors from fraud and misrepresentation than New York does in regulating sellers of securities that may have perpetrated fraud or misrepresentation in another state." *Id.* That is factually analogous to this case, which involves misrepresentations by an out-of-state defendant made to a Washington-resident plaintiff, so Washington has the strongest interest in the dispute.

**b. <u>Defendant's Rule 23 Argument is Premature</u>**

Finally, Defendant attacks Plaintiff's ability to establish the predominance and superiority elements of Rule 23.[3] But, once again, the argument is premature at the pleading stage. "Rule 12(f) motions are generally disfavored as a delay tactic, and especially disfavored with respect to class allegations 'because the shape and form of a class action evolves only through the process of discovery.'" *Jensen v. Cap. One Fin. Corp.*, No. C24-0727-KKE, 2025 WL 606194, at *7 (W.D. Wash. Feb. 25, 2025) (quoting *Adan*, 2024 WL 2398208, at *4). "District courts—especially in this district—regularly find that a motion for class certification is a more appropriate vehicle for arguments about class propriety." *Wilmuth v. Amazon.com Inc.*, No. 2:23-CV-01774-

[3] Again, Defendant's cited authorities were all decided with the benefit of a developed record.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

JNW, 2024 WL 5088337, at *4 (W.D. Wash. Dec. 12, 2024) (internal quotations omitted). Regardless, Defendant's arguments fail.

First, as to predominance, Defendant argues that "[d]ue to the material differences between the consumer-protection laws at issue here, Santiago cannot demonstrate 'Rule 23(b)(3) predominance and manageability for a nationwide class.'" Mot. at 18 (quoting *Mazza*, 666 F.3d at 596). But (even assuming that there are material differences) the Ninth Circuit has never held that variations between state laws are fatal to class certification. In fact, the Ninth Circuit affirmed the certification under Rule 23(b)(3) of a nationwide class for products liability, breach of warranty, and "lemon laws" in *Hanlon v. Chrysler Corp.* where a "common nucleus of facts and potential legal remedies [dominated]" the litigation. 150 F.3d 1011, 1022 (9th Cir. 1998).

There is a common nucleus here that Plaintiff is likely to establish if given the benefit of discovery. Plaintiff alleges facts that apply to all members of the Nationwide Class: every class member purchased from the same website, received the same types of misrepresentations, and were subjected to the same alleged false discount practices. Compl. ¶¶ 19-25, 50. Discovery will allow Plaintiff to obtain proof applicable to all members of the Nationwide Class of, *inter alia*, whether the subject products were ever sold at their reference prices, whether Defendant's misrepresentations misled the class members, and whether the products were sold at prices exceeding their actual value. At this juncture, it would be improper for the Court to foreclose the possibility that discovery will help Plaintiff establish predominance at class certification by crediting Defendant's conclusory argument that certification of a nationwide class in this case is impossible. *See Pattison v. HP Inc.*, No. 24-CV-02752-MMC, 2024 WL 5011945, at *3 (N.D. Cal. Dec. 5, 2024) (denying motion to strike nationwide class allegations as premature where plaintiff was likely to establish predominance through discovery).

Second, as to superiority, if certification of the Nationwide Class would create manageability issues, the proper remedy would be to allow certification of state-based subclasses, rather than striking the class allegations wholesale. *Petersen v. Costco Wholesale Co.*, 312 F.R.D. 565, 583 (C.D. Cal. 2016). As the court observed in *Petersen*, certification of subclasses addressed the court's concerns both as to superiority *and* predominance. *Id.* ("[T]he Court need not resolve whether these variations are material because Plaintiffs have alternatively proposed formulating nine single-state subclasses."). But the Court need not consider whether subclasses might resolve any class certification issues, as these are issues that may only be appropriately decided at class certification on a developed record.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike Plaintiff's Nationwide Class Allegations (ECF No. 8) in its entirety.

Dated: September 8, 2026

Respectfully submitted,

By: */s/ Frank S. Hedin*

**HEDIN LLP**
Frank S. Hedin (*pro hac vice*)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com

**-and-**

Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM**
140 Broadway, Fl. 46
New York, NY 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230

E-Mail: adrian@gr-firm.com

*Counsel for Plaintiffs and the Putative Classes*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7(e)**

I certify that this memorandum contains 4,007 words, in compliance with Local Civil Rule 7(e).

*/s/ Frank S. Hedin*

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List, via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Frank S. Hedin*

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com