**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JOHN SANTIAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MATTRESS FIRM, INC.,<br><br>Defendant. | Case No. 3:26-cv-5437-DGE<br><br>**DEFENDANT MATTRESS FIRM, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Judge: Chief Judge David G. Estudillo |

## TABLE OF CONTENTS


Page

**I. INTRODUCTION** .......... **1**

**II. ARGUMENT** .......... **1**

**A. Santiago's Opposition confirms that he cannot allege a cognizable injury or damages.** .......... **1**

**1.** ***Santiago misreads Montes.*** .......... **2**

**2.** ***Santiago's "worth less" allegations lack supporting facts.*** .......... **4**

**3. Zaimi** ***does not save Santiago's claims.*** .......... **5**

**4.** ***Santiago's failure to plead a cognizable injury defeats his remaining claims.*** .......... **6**

**B. The Opposition identifies no actionable misrepresentation or broken promise.** .......... **7**

**1.** ***Santiago identifies no actual contract term that Mattress Firm breached.*** .......... **7**

**2.** ***RCW § 62A.2-313(2) bars Santiago's express-warranty claim.*** .......... **8**

**3.** ***Reference prices are opinions of value, not statements of fact.*** .......... **9**

**C. Santiago cannot alternatively plead unjust enrichment.** .......... **10**

**D. Santiago cannot toll the limitations period or pursue injunctive relief.** .......... **11**

**III. CONCLUSION** .......... **11**




Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ........ 11

*Clare v. Saberhagen Hldgs., Inc.*,
129 Wn. App. 599 (2005) ........ 11

*Clark v. Eddie Bauer LLC*,
371 Or. 177 (2023) ........ 6

*Cole v. Amazon.com Servs. LLC*,
765 F. Supp. 3d 1154 (W.D. Wash. 2025) ........ 4

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ........ 11

*Fitzgerald v. Shade Store, LLC*,
No. C23-1435RSM, 2024 WL 3540540 (W.D. Wash. July 25, 2024) ........ 7, 8, 9, 10

*Freeman v. Indochino Apparel, Inc.*,
443 F. Supp. 3d 1107 (N.D. Cal. 2020) ........ 6

*Hansen v. Newegg.com Americas, Inc.*,
25 Cal. App. 5th 714 (2018) ........ 6

*Haywood v. Amazon.com, Inc.*,
No. 2:22-cv-01094-JHC, 2023 WL 4585362 (W.D. Wash. July 18, 2023) ........ 8

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013) ........ 6

*Iceberg v. Kroger Co.*,
No. C25-2342JLR, 2026 WL 548031 (W.D. Wash. Feb. 27, 2026) ........ 10

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........ 4

*Lemelson v. Wells Fargo Bank, N.A.*,
641 F. Supp. 3d 1005 (W.D. Wash. 2022) ........ 8

*McCarrell v. RugsUSA, LLC*,
No. 3:25-cv-00454-AB, 2025 WL 2256278 (D. Or. Aug. 7, 2025) ........ 6, 8



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

*Minnick v. Clearwire US, LLC*,
683 F. Supp. 2d 1179 (W.D. Wash. 2010) .......... 10

*Montes v. SPARC Group, LLC*,
6 Wn.3d 321 (2026) .......... *passim*

*Phillips v. Brooklyn Bedding LLC*,
No. 23-cv-03781-RFL, 2024 WL 2830663 (N.D. Cal. Mar. 28, 2024) .......... 8

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009) .......... 11

*Westby v. Gorsuch*,
112 Wn. App. 558 (2002) .......... 9

*Young v. Young*,
164 Wn.2d 477 (2008) .......... 7

*Zaimi v. Costco Wholesale Corp.*,
--- F. Supp. 3d ---, 2026 WL 1145798 (W.D. Wash. 2026) .......... 5, 6, 10

**Statutes**

RCW § 62A.2-313 .......... 8, 9

**Other Authorities**

Fed. R. Civ. P. 8 .......... 1, 4

Fed. R. Civ. P. 9 .......... 1



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

## I. INTRODUCTION

The Court should dismiss Plaintiff John Santiago's Complaint because he (1) alleges no injury or damages to support his claims, (2) identifies no actionable misrepresentations or broken promises, and (3) cannot proceed on unjust enrichment in the alternative. Santiago's Opposition to Defendant's Motion to Dismiss ("Opposition") confirms each point.

The Opposition clarifies that Santiago's claims rest upon the same theories of harm that the Washington Supreme Court rejected in *Montes v. SPARC Group LLC*. *Montes* held that a plaintiff who purchases a product at the advertised price because of an allegedly false reference price has not suffered an economic injury. *Montes v. SPARC Group LLC*, 6 Wn.3d 321, 332 (2026). Rather than confront this holding, the Opposition distorts it, relying on inapposite authority applying other states' laws—laws that materially differ from Washington's. And even if *Montes* is constrained to its facts, Santiago ignores the direct parallels between his Complaint and the *Montes* complaint.

Beyond those shortcomings, Santiago's Opposition repeatedly ignores the pleading standard. His arguments rely on his assertion that the Mattress he purchased was worth less than he paid. But he alleges no facts to support this legal conclusion. Instead, he relies on his own *ipse dixit*. This fails not only Rule 9(b)'s particularity requirement, but also Rule 8's more-lenient standard. If Santiago's unsupported allegations could suffice, the *Twombly/Iqbal* standard would be meaningless; plaintiffs could clear that hurdle by making up conclusions without any support. That's not the law.

Because *Montes* forecloses Santiago's alleged injuries and he does not meet Rule 9(b)'s standard, the Court should grant Defendant Mattress Firm, Inc.'s Motion to Dismiss ("Motion").

## II. ARGUMENT

### A. Santiago's Opposition confirms that he cannot allege a cognizable injury or damages.

Santiago pushes the same theories the Washington Supreme Court rejected in *Montes* (Mot. at 4–11), based on nothing more than his unsupported allegation that the Mattress was "worth less



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

than what he paid." That mere speculative legal conclusion is entitled to no deference at this stage. (*See id.* at 6.) Instead, this Court, as *Montes* did, must "test whether that legal theory is viable." *Montes*, 6 Wn.3d at 333.

The Opposition confirms that it isn't. Santiago argues that he can evade *Montes* by merely alleging, without any factual support, that the Mattress was "worth less" than advertised. (*See* Opp'n at 3–7.) He is wrong, so the Court should dismiss the Complaint.

***1. Santiago misreads* Montes.**

*Montes* held that when a seller advertises a product with a misrepresented price history, comparative price, or discount, purchasing the product at the advertised price imposes no economic injury. *Montes*, 6 Wn.3d at 332. Instead, an economic loss occurs only when "the consumer receives a product or service that is objectively different from or less valuable than the product she thought she was buying." *Id.* at 333. A seller's abstract value claim—like a reference price—"does not create an objective difference between two otherwise identical fungible items," so alleged misrepresentations regarding price history or discounts impose no injury. *Id.* at 334.

Santiago ignores this holding and misconstrues *Montes*. Santiago argues that *Montes* turned on the plaintiff's "concession" that the product she purchased was worth what she paid. (*See* Opp'n at 4.) He contends that he "supplies the allegations that defeated the plaintiff's CPA claim in *Montes*" (that the purchased item was not worth what he paid). (*Id.*)

Santiago is doubly wrong. ***First***, *Montes* did not turn on this "concession." In fact, *Montes* directly grappled with whether misrepresented price histories make a product "materially different from and less valuable than" the product the consumer wanted. *Montes*, 6 Wn.3d at 333. And it held that "a misrepresentation related only to the price history of the product" does not make the product materially different or less valuable. *Id.* at 334. This reasoning drove the *Montes* holding, not any concession by the plaintiff.

In response, Santiago mischaracterizes *Montes*, contending *Montes* never held that "a consumer's merely buying something that she might not have otherwise bought is not an economic injury." (Opp'n at 3.) He is wrong. *Montes* directly held that such a would-not-have-bought



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

injury, without more, is not an economic injury. *Montes*, 6 Wn.3d at 333. And this is the exact kind of injury Santiago alleges, as he concedes. (*See* Opp'n at 1.)

***Second***, Santiago wrongly suggests that his Complaint differs from the *Montes* Complaint because he "supplies the allegations that defeated the plaintiff's CPA claim in *Montes*." (*Id.* at 4.) The *Montes* Complaint (attached as filed in *Montes v. SPARC Group, LLC*, 2:22-cv-00201 (E.D. Wash.) as Exhibit A) alleged the same things Santiago now relies on as would-be differentiators:

| ***Montes* Complaint** | **Santiago's Complaint** |
|---|---|
| "Fake 'sales' from false former prices—as employed by Aéropostale—cause consumers to pay more than they otherwise would have paid for products." (Ex. A ¶ 28.) | "Defendant's false discounts harm consumers by misrepresenting price and value, inducing purchases that consumers would not otherwise make, and causing consumers to pay more than they otherwise would." (Compl. ¶ 34.) |
| "False discounts also illegitimately increase consumer demand for products, shifting the demand curve and enabling the retailer to charge higher prices—to everyone—than the retailer otherwise could have charged." (Ex. A ¶ 28.)<br><br>"If Montes had known the truth, she would not have purchased the Leggings at the price she paid." (*Id.* ¶ 97.) | Mattress Firm "artificially drives up demand for the products, and by extension drives up the price of the products." (Compl. ¶ 5.)<br><br>"As a result, consumers are deceived into spending money they otherwise would not have spent, purchasing items they would not have purchased, and/or spending more money for an item than they otherwise would have absent deceptive marketing." (*Id.* ¶ 6.) |
| "the items did not normally sell for, and were not actually worth, the fictitious and invented list price." (Ex. A ¶ 80.) | Mattress Firm's reference prices are "falsely inflated . . . because Defendant rarely if ever, lists or sells items at the reference price," and they "mislead customers into believing that the displayed reference price is a former or regular price at which Defendant usually lists and sells the item in the recent past, and thus the market value is the reference price." (Compl. ¶ 22.) |
| "customers were injured because they paid a price premium due to illegitimately inflated demand resulting from Aeropostale's deceptive pricing scheme …, thereby shifting the demand curve and enabling Defendant to charge its customers more than it otherwise could have charged." (Ex. A ¶ 81.) | Mattress Firm "artificially drives up demand for the products, and by extension drives up the price of the products." (Compl. ¶ 5.) |



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

The Washington Supreme Court held these allegations were insufficient in *Montes*. They are insufficient here too.

### *2. Santiago's "worth less" allegations lack supporting facts.*

Santiago tries to distinguish *Montes* by treating his allegation that the Mattress was "worth less than the price paid" as a factual allegation the Court must accept. (*See* Opp'n at 5–6.)

He overlooks that his allegation is a legal conclusion that *Montes* considered and rejected. *Montes*, 6 Wn.3d at 333. The *Montes* plaintiff, like Santiago, argued that the products' "falsified price history" made them "materially different from and less valuable than the [product] she wanted." *Id.* The Washington Supreme Court rejected the allegation: "that is a legal conclusion, not a factual allegation—so we need not accept it as true." *Id.*

Santiago attempts to gird his legal conclusion by pointing to four categories of "factual" support that are irrelevant at best. ***First***, Santiago relies on his allegation that, "The false reference prices exceed the prevailing market prices." (*See* Compl. ¶ 29; Opp'n at 6.) This is not a factual allegation; it is a conclusory restatement of his legal claim. Santiago never identifies what the prevailing market price is or how he knows it. This is the kind of labels-and-conclusions claim *Twombly* and *Iqbal* require disregarding. *See Cole v. Amazon.com Servs. LLC*, 765 F. Supp. 3d 1154, 1159–63 (W.D. Wash. 2025). Since this conclusory allegation flunks Rule 8's standard, it cannot meet the heightened particularity standard that applies here. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

***Second***, Santiago relies on his red-herring allegation that "Defendant does not independently verify that the reference prices are prevailing market prices." (Opp'n at 6.) Whether Mattress Firm verifies its reference price has nothing to do with the Mattress's value. So, this allegation does not support his legal claim.

***Third***, alleging that Mattress Firm "consistently sells the products at prices significantly lower than its advertised former prices" has nothing to do with value. This allegation relies on the same logic *Montes* rejected. "[A] seller's abstract claim about value" does not support an allegation that the product was actually worth less than what the consumer paid. *Montes*, 6 Wn.3d at 334.



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

***Fourth***, Santiago's allegation that "The discounts represented to be 'time-limited' were in fact perpetual" says nothing about value. Even if true, this allegation does not establish that Santiago paid more than the Mattress was worth. All it establishes is that there was a perpetual sale price. A perpetual sale price is still a market price and does not suggest that the Mattress was worth less than that price. *See Montes*, 6 Wn.3d at 334 ("the market determines the fair market value") (citation omitted).

Without any factual support for his "worth less" claim, the Court should not accept it as true at this stage. And without any facts indicating the Mattress was objectively worth less than what he paid, Santiago's claims fail.

### *3.* **Zaimi** *does not save Santiago's claims.*

Santiago repeatedly relies on *Zaimi* as an example of how claims like his can survive after *Montes*. But *Zaimi* cannot support the weight Santiago places upon it.

Crucially, *Zaimi* is not a false-discount case. In *Zaimi v. Costco Wholesale Corp.*, the plaintiff sued Costco for alleged price differences offered through different channels. --- F. Supp. 3d ---, 2026 WL 1145798, at *1 (W.D. Wash. Apr. 28, 2026). The plaintiff alleged that Costco charged more online than in its store, while claiming shipping was free. *Id.* The plaintiff alleged that she would not have bought online if she knew that the items cost more. *Id.* at *6. That allegation sufficed to plead injury—a hidden shipping charge. *Id.*

This case is different. *Zaimi* satisfied *Montes* because the plaintiff could show an objective difference in value between the product she purchased and the one she expected: the difference in price online versus in store. *Id.* at *6 n.9. It was the same couch from the same retailer sold at two different prices. Here, Santiago alleges no objective difference between the Mattress he purchased and the Mattress advertised, or that he could have bought the Mattress for less money through a different channel. Further, the misrepresentation in *Zaimi* was not about the product's price history; it was that the plaintiff was not paying for shipping. And because she believed she was not paying for shipping, she paid $250 more than she otherwise would have. Santiago alleges no comparable hidden charge.



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

In short, *Zaimi* does not offer a roadmap for pleading a false-discount case after *Montes*. Instead, the opinion applied *Montes*'s holding that the CPA requires an objective economic injury. *Zaimi*'s hidden-shipping-fee claim met this standard; Santiago's alleged false discounts do not.

***4. Santiago's failure to plead a cognizable injury defeats his remaining claims.***

The damages elements of Santiago's remaining claims all, like the CPA claim, require a showing of economic harm. (Mot. at 7–12.) Because Santiago's claimed injuries do not amount to economic harm under the CPA, they do not amount to a well-pled allegation of damages, either.

The Opposition does not rescue his claims.

**Breach of Contract.** As shown above, Santiago's unsupported allegation that his Mattress was "worth less" than the price does not allege an economic loss. Nor do *McCarrell*, *Freeman*, or *Hinojos* suggest that false discounts create contract damages in Washington. (Opp'n at 8.) These cases applied California and Oregon law. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013) (California); *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) (California); *McCarrell v. RugsUSA, LLC*, No. 3:25-cv-00454-AB, 2025 WL 2256278, at *8 (D. Or. Aug. 7, 2025) (Oregon).

Unlike Washington, those states recognize "I would not have bought the product, or would not have paid as much" as a viable theory of harm. *Hinojos*, 718 F.3d at 1106; *Clark v. Eddie Bauer LLC*, 371 Or. 177, 198–99 (2023). Indeed, California state courts consider a consumer's subjective willingness to pay more for a product as an economic injury "whether or not a court might objectively view the products as functionally equivalent." *Hansen v. Newegg.com Americas, Inc.*, 25 Cal. App. 5th 714, 729 (2018) (citation omitted). In other words, these states recognize the theory of harm that *Montes* rejected. *Hinojos*, *Freeman*, and *McCarrell* thus say nothing about Washington law.

**Breach of Express Warranty.** Again, Santiago's unsupported allegation that the Mattress was worth less than what he paid does not allege a viable economic harm. (*Contra* Opp'n at 10.) So it cannot suffice to allege benefit-of-the-bargain damages. Further, *Montes* confirms that there



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

are no benefit-of-the-bargain damages without an objective difference between what was promised and what was received. *See Montes*, 6 Wn.3d at 334–38.

**Intentional and Negligent Misrepresentation.** As the Motion shows, establishing benefit-of-the-bargain damages (for intentional misrepresentation) and pecuniary loss (for negligent misrepresentation) requires an objective difference (in quality, construction, characteristics, or the like) between the item promised and the item received. (Mot. at 9–11.) The Opposition identifies no facts suggesting an objective difference between the Mattress Santiago ordered and the Mattress he received. (*See* Opp'n at 11.)

**Unjust Enrichment.** Santiago argues that *Montes* does not speak to unjust enrichment. (*Id.* at 11–12.) But *Montes*'s holdings regarding false discounts still control. To plead unjust enrichment, Santiago must show Mattress Firm is unjustly retaining a benefit at plaintiff's expense. *See Young v. Young*, 164 Wn.2d 477, 484–85 (2008). And *Montes* held that abstract claims about value, without supporting facts, do not create an objective difference between the value of an item promised and received. Without that objective difference, Mattress Firm could not have retained any unjust benefit at Santiago's expense. There is nothing "unjust" about such an exchange.

**B. The Opposition identifies no actionable misrepresentation or broken promise.**

Santiago fails to allege a contractual promise that Mattress Firm actually made, an affirmation of fact that created an express warranty, or an actionable misrepresentation of fact (rather than opinion). (Mot. at 12–15.) These failures doom his breach-of-contract, breach-of-express warranty, CPA, and intentional-misrepresentation claims.

In response, Santiago contends that (1) he can allege a "contractual" term that no contract contains; (2) *Fitzgerald* holds that reference prices constitute express warranties; and, (3) a reference price is a factual representation of value, not an opinion. At each turn, he is wrong.

***1. Santiago identifies no actual contract term that Mattress Firm breached.***

Santiago concedes the obvious: he neither attaches nor quotes any contract with Mattress Firm. (*See* Opp'n at 13.) Instead, he argues that the Complaint identifies the relevant "term," because it alleges that Mattress Firm was obligated to provide a product worth as much as the



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

reference price. (*See id.* at 14.)

This contention fails. Santiago identifies no authority suggesting that a plaintiff may plead a breach-of-contract claim by alleging what he wishes the contract said rather than what the contract's express terms provide. He cites no terms of use, no order form, no confirmation email, nor even an advertisement where Mattress Firm promised to deliver products worth the reference price. Failing to cite such an express term dooms his contract claim. *See Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023).

Santiago's reliance on out-of-state and pre-*Montes* case law changes nothing. (*See* Opp'n at 14–15.) *Phillips* and *McCarrell* apply California and Oregon law. *Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 WL 2830663, at *6 (N.D. Cal. Mar. 28, 2024); *McCarrell v. RugsUSA, LLC*, 2025 WL 2256278, at *8. As explained above, California and Oregon recognize Santiago's false-discount theory, which explains why those states consider a reference price an express contract term. And the one Washington case he refers to—*Fitzgerald*—predates *Montes* and is distinguishable. There, the plaintiff (a) alleged details about how the contract was formed and (b) specified its material terms. *Fitzgerald v. Shade Store, LLC*, No. C23-1435RSM, 2024 WL 3540540, at *3 (W.D. Wash. July 25, 2024). Santiago does neither. (*See* Mot. at 12–13.)

Santiago's attempts to distinguish *BP West Coast*, *Lemelson*, *Denton*, and *Haywood* fail. Each of those cases, as explained in the Motion, stand for the proposition that a plaintiff *must* identify the specific contractual provision he alleges was breached. (*See id.*) The Opposition offers nothing to exempt Santiago from this requirement, so the Court cannot "infer or incorporate" terms into a contract it has not seen. *See Lemelson v. Wells Fargo Bank, N.A.*, 641 F. Supp. 3d 1005, 1012 (W.D. Wash. 2022). What's more, none of those cases provide a license for plaintiffs to do what Santiago does: Make up new terms and allege that the contract contains them.

***2. RCW § 62A.2-313(2) bars Santiago's express-warranty claim.***

Santiago contends that Mattress Firm warranted that the Mattress would have the same value as the reference price. (*See* Opp'n at 17.) This assertion conflicts with his other repeated theory: the Mattress was not worth what he paid. (*See* Compl. ¶ 5.) Santiago's failure to pick a



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

lane—alleging that the Mattress was worth less than the reference price or the price paid—demonstrates that Santiago not only lacks facts to support his claim, but also lacks a coherent theory in the first place.

Either way, § 62A.2-313's plain text rejects his warranty theory: "an affirmation merely of the value of the goods . . . does not create a warranty." Not only did Mattress Firm never expressly affirm the Mattress's value, but even if it did, that would not create an express warranty.

Santiago's other gambit—overreading *Fitzgerald*—cannot overcome the statute's plain text. (*See* Opp'n at 9–10.) ***First***, *Fitzgerald* never considered § 62A.2-313(2). *See Fitzgerald*, 2024 WL 3540540, at *3. ***Second***, *Fitzgerald* relies on California false-discount cases—a body of law that Washington has since rejected, as *Montes* held that abstract claims of value do not establish an objective difference between the item requested and the item received. *See id.*; *Montes*, 6 Wn.3d at 334. *Montes*'s holding, not California law, controls.

Santiago is also wrong to dismiss *Marino* and *Akinmeji* as "out-of-district" "pre-*Fitzgerald*" cases. (*See* Opp'n at 10 n.4.) Setting aside that Santiago's "out-of-district" objection forgets his own reliance on California and Oregon case law, these cases apply the same UCC provision that Washington has. (*See* Mot. at 8–9.) Regardless of which district decided them, they are instructive here.

### ***3. Reference prices are opinions of value, not statements of fact.***

Santiago contends that displaying "$~~1,559.99~~" is a "factual statement" about the product's historical price. (Opp'n at 17–18.) But this, as Santiago concedes, is at best a representation of value. (*See id.*) These types of "abstract claim[s] about value" are not actionable under *Montes* and *Westby*. *See Montes*, 6 Wn.3d at 334; *Westby v. Gorsuch*, 112 Wn. App. 558, 570 (2002).

Santiago, again, counters with California law. (*See* Opp'n at 18.) California law recognizes Santiago's theory, and Washington does not. Following Washington law, as this Court must, representations of value are mere inactionable opinions. *Westby*, 112 Wn. App. at 570.

Santiago's attempt to transform Mattress Firm's alleged opinion statements into *actionable* opinions also fails. (*See* Opp'n at 18.) He argues that because of information asymmetries, the



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

reference prices are actionable opinion statements. (*Id.*) But his contention that "relevant information was not readily available" to him is inaccurate. (*Id.*) Mattress Firm publishes its prices online every day. Santiago—or any other consumer—can avail himself of that information anytime. (*E.g.*, Compl. ¶¶ 2–3, 19–21, 40 (alleging that Mattress Firm identifies its current and reference prices online).)

Insofar as Santiago contends that "in many cases," Mattress Firm's products are not sold in a competitive market because Mattress Firm is the only seller of private-label products, that is irrelevant to Santiago's claim. (*See* Opp'n at 18.) Santiago does not allege the Mattress that he bought was a private-label product. Regardless, private-label products are still sold in competitive markets. They compete with similar products offered by other brands and other outlets.

**C. Santiago cannot alternatively plead unjust enrichment.**

When both parties acknowledge that a valid contract governs a transaction, a plaintiff cannot alternatively allege unjust enrichment. (*See* Mot. at 15–16.) Mattress Firm does not—and will not—contest the existence of a valid sales contract with Santiago. (*Id.*) So Santiago's unjust-enrichment claim cannot proceed.

Santiago's Opposition offers nothing to the contrary. Instead, he misreads the Motion as contending both that no contract governs and a contract governs. (*See* Opp'n at 19.) But Mattress Firm never contended that the parties lack a valid contract: Mattress Firm agreed to provide a mattress (which it did) and Santiago agreed to pay a price (which he did). The only dispute is over the contract's *terms*, not its existence, so equitable principles cannot usurp that contract. *See Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010).

That agreement distinguishes this case from *Zaimi*, *Fitzgerald*, and *Iceberg*. In each case, the defendant or plaintiff disputed whether a contract existed or was enforceable. *Zaimi*, 2026 WL 1145798, at *15 (defendant could challenge existence); *Fitzgerald*, 2024 WL 3540540, at *4 (plaintiff argued contract may be voidable); *Iceberg v. Kroger Co.*, No. C25-2342JLR, 2026 WL 548031, at *4 (W.D. Wash. Feb. 27, 2026) (defendant challenged contractual relationship via express warranty). Here, Mattress Firm expressly concedes that a valid contract exists. The



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

dispute is just over what that contract said.

**D. Santiago cannot toll the limitations period or pursue injunctive relief.**

Because Mattress Firm publishes its prices online every day, as the Complaint implicitly recognizes, equitable tolling and injunctive relief are unavailable to Santiago and the putative class. (*See* Mot. at 16–18.) In response, Santiago again distorts reality.

Regarding equitable tolling, Santiago contends the discovery rule applies because it would be difficult for a plaintiff to learn of the material facts of his injury. (Opp'n at 20.) But his own allegations defeat this claim. A plaintiff is "charged with what a reasonable or diligent inquiry would have discovered at the time." *Clare v. Saberhagen Hldgs., Inc.*, 129 Wn. App. 599, 605 (2005). As the Complaint recognizes, any consumer who wanted to track Mattress Firm's pricing via diligent inquiry—either before or after purchase—could do so easily. (*E.g.*, Compl. ¶¶ 2–3, 19–21, 40 (alleging that Mattress Firm identifies its current and reference prices online).)

Regarding injunctive relief, Santiago must allege a threat of future injury that is "actual and imminent, not conjectural or hypothetical"—i.e., "certainly impending," not just "possible." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Santiago does not allege an impending threat of future injury because he purchased a product that is typically purchased once every decade. (*See* Mot. at 17–18.) Santiago is thus wrong to rely on *Davidson*. (*See* Opp'n at 17–18.) That case addressed a personal-hygiene product that invites regular, frequent purchases. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018); (Mot. at 17 (distinguishing *Davidson*)). But here, Santiago bought a mattress—a product not purchased frequently. Santiago's Opposition offers nothing to dispute this or show he faces an imminent threat of future injury from a mattress purchase.

## III. CONCLUSION

Santiago's Complaint is a litany of grievances untethered to Washington law. In *Montes*, the Washington Supreme Court directly rejected the exact "harm" Santiago alleges here. And while that case addressed only a CPA claim, its analysis also shows that Santiago cannot establish common-law or UCC damages. That shortcoming infects each of Santiago's claims and demands

dismissal. And because no amendment can fix that failure, the Court should dismiss with prejudice.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Michael D. Meuti*
David R. Ebel, WSBA #28853
Email: debel@schwabe.com
David Leigh, WSBA #58825
Email: dbleigh@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101
206-622-1711

Michael D. Meuti (OH 0087233)
*Pro Hac Vice*
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588

Michael B. Silverstein (OH 0098036)
*Pro Hac Vice Forthcoming*
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 614.223.9330

Ruddy S. Abam (IL 6335470)
*Pro Hac Vice Forthcoming*
rabam@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192

Attorneys for Defendant
MATTRESS FIRM, INC.

I certify that this memorandum contains 4,029 words, in compliance with the Local Civil Rules