**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

JOHN SANTIAGO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MATTRESS FIRM, INC.,

Defendant.

Case No. 3:26-cv-5437-DGE

**STATUS REPORT AND DISCOVERY PLAN**

Judge: Chief Judge David G. Estudillo



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and the Court's Order Regarding Initial Disclosures, Joint Status Report, Discovery, Depositions and Early Settlement (Dkt. 3), Mattress Firm, Inc., through its counsel of record, submits this Status Report and Discovery Plan. Mattress Firm's counsel contacted Plaintiff's counsel on September 15 regarding a Rule 26(f) conference and the topics in this Report but received no response. On September 16, Mattress Firm's counsel followed up and Plaintiff's counsel responded with their availability on September 17. Mattress Firm's counsel then provided his availability on the same day, but Plaintiff's counsel never confirmed a time to confer. Mattress Firm's counsel followed up again on September 21 and 22. Plaintiff's counsel responded on September 22 with a proposed time, and Mattress Firm responded the same day. Mattress Firm's counsel proposed jointly seeking an extension of the deadline to submit this Report if additional time was needed to confer, but received no response. On September 30, Mattress Firm's counsel provided a draft of this Report and requested Plaintiff's positions for a joint filing, but again received no response. The parties did not schedule or conduct a Rule 26(f) conference.

Accordingly, Mattress Firm individually reports as follows:

## I. <u>STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE</u>

### A. Defendant's position

Mattress Firm denies John Santiago's allegations. This case presents a pricing dispute brought by a customer who bought a mattress and received exactly what he ordered. After receiving the mattress, he never complained about its quality, its composition, its utility, or its price. Nonetheless, he now seeks to represent a nationwide class of people who bought mattresses from Mattress Firm's website, contending that receiving exactly what he expected at the exact price he intended to pay somehow supports claims under the Washington Consumer Protection Act and various common-law theories.

Mattress Firm has moved to dismiss Santiago's claims under Rule 12(b)(6) (Dkt. 7) arguing that the Washington Supreme Court's decision in *Montes v. SPARC Group LLC*, 6 Wn.3d 321 (2026), forecloses Santiago's false-discount theory because he does not allege any cognizable economic injury, any actionable misrepresentation, or any difference between the mattress he received and the product advertised. Mattress Firm has also moved to strike the alleged nationwide class allegations (Dkt. 8),



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Counts II through VI, showing that constitutional limitations, personal-jurisdiction constraints, and Washington's choice-of-law rules preclude applying Washington law to out-of-state transactions that lack a Washington nexus. Further, a nationwide class is not certifiable because the laws of the 50 states governing Santiago's common-law claims materially differ. The pending motions may substantially narrow or eliminate the claims and class allegations before discovery commences.

## II. JOINING ADDITIONAL PARTIES

Mattress Firm does not anticipate the need to join additional parties but agrees to a deadline of November 2, 2026.

## III. CONSENT TO MAGISTRATE JUDGE

Mattress Firm does not consent to proceed before a Magistrate Judge.

## IV. DISCOVERY PLAN

### A. Initial Disclosures.

The parties have not held a Rule 26(f) conference. Mattress Firm's counsel contacted Plaintiff's counsel on September 15, 16, 17, 21, and 22 regarding the Rule 26(f) conference. Mattress Firm's counsel also suggested the parties jointly request an extension to submitting the Joint Status Report to allow sufficient time for counsel from both sides to be available for the Rule 26(f) conference. Plaintiff's counsel did not respond to that request. Mattress Firm timely served its initial disclosures on September 23, 2026, pursuant to the Court's order (Dkt. 3). Plaintiff has not served his initial disclosures.

### B. Subjects, Timing, and Phasing of Discovery.

#### *1. Defendant's position*

Discovery should be stayed until the pleadings close—i.e., until the Court rules on Mattress Firm's pending Motion to Dismiss (Dkt. 7) and Motion to Strike Nationwide Class Allegations (Dkt. 8) and any subsequent pleading challenges. The pending motions, if granted, would dispose of all claims or significantly narrow the scope of the case by eliminating Santiago's putative nationwide class. Proceeding with discovery before these threshold legal issues are resolved would impose unnecessary expense and burdens on both parties. If the Court denies the motions, Mattress Firm reserves its right to propose at a later date discovery limitations and phasing, which will include discovery related to Santiago's allegations,



Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

the claims, purported damages and other relief sought, as well as Mattress Firm's factual and legal defenses.

If the Court orders discovery to proceed before the pleadings close, Mattress Firm proposes that discovery be phased. Class-certification discovery would proceed first, and merits discovery would follow the resolution of Plaintiff's motion for class certification. Mattress Firm proposes that the close of class-certification fact discovery be 180 days after the pleadings close. Mattress Firm proposes the following remaining schedule:

| | |
|---|---|
| Plaintiff's class-certification expert reports | 28 days after the close of class-certification fact discovery |
| Defendant's class-certification expert reports | 28 days after service of Plaintiff's expert reports |
| Rebuttal class-certification expert reports | 14 days after service of Defendant's expert reports |
| Close of class-certification expert discovery | 28 days after service of rebuttal expert reports |
| Motion for class certification | 28 days after the close of class-certification discovery |
| Opposition to motion for class certification | 28 days after filing of motion for class certification |
| Reply supporting motion for class certification | 14 days after filing of opposition to motion for class certification |

Mattress Firm further proposes that merits discovery remain stayed until the Court determines whether to certify a class. Following resolution of class certification, Mattress Firm proposes the following merits-discovery schedule:

| | |
|---|---|
| Close of merits fact discovery | 180 days after the Court's ruling on class certification. |
| Plaintiff's expert reports | 28 days after the close of merits fact discovery |
| Defendant's expert reports | 28 days after service of Plaintiff's expert reports |
| Rebuttal merits expert reports | 14 days after service of Defendant's expert reports |
| Close of merits expert discovery | 28 days after service of rebuttal expert reports |
| Motion for summary judgment | 28 days after the close of merits discovery |
| Opposition to motion for summary judgment | 28 days after filing of motion for summary judgment |
| Reply supporting motion for summary judgment | 14 days after filing of opposition to motion for summary judgment |

**C. Electronically Stored Information (ESI).**

***1. Defendant's position***

The parties have not conferred regarding ESI protocols. Mattress Firm anticipates that this case will involve the production of ESI. Given the pending motions, the parties have not yet determined whether to adopt the Court's Model ESI Agreement or a modified version. If the case proceeds beyond resolution of the pending motions, further meet-and-confer efforts will likely be necessary regarding the appropriate scope of ESI discovery, search methodologies, and a proposed ESI agreement.

**D. Privilege Issues.**

Mattress Firm anticipates that attorney-client privilege, work-product privilege, and confidentiality issues may arise, particularly with respect to its internal communications on pricing, sales data, and consumer purchasing information. The parties will confer regarding procedures for asserting and resolving privilege claims, if any, including the preparation and exchange of privilege logs.

**E. Discovery limitations.**

***1. Defendant's position***

Discovery should be stayed or substantially limited pending the Court's ruling on Mattress Firm's Motion to Dismiss and Motion to Strike Nationwide Class Allegations. If the Court determines that discovery should proceed before resolution of those motions, discovery should be limited initially to class-certification issues and merits discovery should be deferred pending resolution of class certification. Mattress Firm does not propose any other limitations on discovery beyond those set forth in the Federal Rules of Civil Procedure and this Court's Local Civil Rules. The parties reserve the right to seek additional limitations or modifications as the case progresses.

**F. Discovery-related orders.**

***1. Defendant's position***

Discovery should be stayed or substantially limited pending the Court's ruling on Mattress Firm's Motion to Dismiss and Motion to Strike Nationwide Class Allegations. Alternatively, if discovery proceeds before resolution of the pending motions, the Court should enter a phased schedule under which class-certification discovery proceeds first and merits discovery is deferred until after class certification

is decided. The parties will confer, if necessary, regarding a proposed Stipulated Protective Order to govern the treatment of confidential, sensitive, and/or privileged information, including but not limited to Mattress Firm's business records, pricing data, sales records, internal business strategies, and financial information.

## V. <u>LCR 26(F)(1) ISSUES</u>

### A. Prompt case resolution.

#### *1. Defendant's position*

Granting the pending Motion to Dismiss and Motion to Strike will be the most effective means of promptly resolving or narrowing this case. As fully set forth in its motions, all of Santiago's claims are subject to dismissal and the nationwide class allegations must be stricken as a matter of law.

### B. Alternative Dispute Resolution (ADR).

#### *1. Defendant's position*

Given Mattress Firm's pending motions, the parties do not believe ADR is likely to be productive at this stage. Mattress Firm is willing to confer regarding ADR after the Court rules on the pending motions and the true scope of any remaining claims and issues is determined.

### C. Related cases.

Mattress Firm is not aware of any related cases pending in this District or elsewhere.

### D. Discovery management.

Discovery should be stayed or substantially limited pending the Court's ruling on Mattress Firm's Motion to Dismiss and Motion to Strike Nationwide Class Allegations. If the Court declines to stay discovery, it should proceed in phases, with class-certification discovery completed before any merits discovery begins. Mattress Firm agrees that the parties will endeavor to resolve discovery disputes, if any, informally before seeking Court intervention, consistent with this Court's expectations. The parties will meet and confer in good faith before filing any discovery-related motions. If informal resolution is not possible, the parties may either request a telephonic discovery conference with the Court or seek to brief any disputes.

**E. Anticipated discovery sought.**

***1. Defendant's position***

The scope of anticipated discovery depends on the resolution of Mattress Firm's pending motions. If the case proceeds, Mattress Firm anticipates seeking discovery regarding: (a) the basis for Santiago's claim that the mattress he purchased was worth less than the price paid; (b) his knowledge of Mattress Firm's pricing practices before and after his purchase; (c) his prior purchases and shopping habits; and (d) information relevant to class certification.

**F. Phasing motions to facilitate early resolution.**

***1. Defendant's position***

The Court should rule on Mattress Firm's pending motions to dismiss and to strike before any discovery commences or any additional motions are briefed. If the Court determines that discovery should proceed before the pleadings close, Mattress Firm proposes that the parties first conduct discovery relevant to class certification and that merits discovery open only after the Court resolves Plaintiff's motion for class certification. This phased approach would promote efficiency and potentially eliminate or substantially narrow issues requiring merits discovery. Mattress Firm reserves its right to file other dispositive motions at the appropriate time, potentially concurrent with or in opposition to any class certification motion, in the event the pending motions are denied.

**G. Preservation of discoverable information.**

Mattress Firm agrees that it has been instructed by its counsel to preserve all documents and electronically stored information relevant to this litigation.

**H. Procedures for handling inadvertent production of information and other privilege issues.**

Mattress Firm agrees that after resolution of the pending motions, the parties should confer, if necessary, regarding procedures for handling inadvertent production of documents or information protected by the attorney-client privilege or work product doctrine. To the extent a position is required for purposes of this Report, Mattress Firm agrees that the inadvertent production of privileged or work-product-protected materials will not constitute a waiver of any privilege or protection as to either party in

this case.

**I. Preservation of ESI and model protocol for discovery.**

The parties did not confer regarding ESI protocols. Given Mattress Firm's pending motions, the parties have not yet determined whether to adopt the Court's Model Agreement Regarding Discovery of Electronically Stored Information as set forth under LCR 26(f)(I). If the case proceeds beyond resolution of the pending motions, further meet-and-confer efforts will likely be necessary regarding the appropriate scope of ESI discovery.

**J. Alternatives to model ESI protocol.**

Mattress Firm is not presently aware of modifications that would be required if a Model ESI Agreement is ultimately adopted.

**K. Plaintiff's deadline for Federal Rule 23(c) certification determination**

As outlined under Section IV.B.1 above, Mattress Firm proposes that the Court should set a deadline for after the pleadings close.

**VI. DISCOVERY AND OTHER DEADLINES**

**A. Defendant's position**

Discovery should be stayed until the pleadings close. In the alternative, if the Court determines that discovery should proceed before the pleadings close, Mattress Firm proposes the phased discovery schedule outlined above, with deadlines from the close of pleadings and, thereafter, from the Court's ruling on class certification. Under that proposal, class-certification discovery would proceed first, merits discovery would remain stayed pending resolution of class certification, and summary-judgment briefing would occur following the completion of merits discovery.

**VII. <u>BIFURCATION</u>**

Mattress Firm does not anticipate the need for a bifurcated trial.

**VIII. <u>PRETRIAL STATEMENTS</u>**

At this time, Mattress Firm agrees that the Pretrial Statements and Pretrial Order called for in LCR 16(e), (h), (i), and (l) and 16.1 should not be dispensed with.

**IX. <u>SIMPLIFYING THE CASE</u>**

The Court should first rule on Mattress Firm's pending motion to dismiss and motion to strike the class allegations, as those rulings may significantly narrow or eliminate claims and materially reduce the issues requiring discovery and further adjudication.

## X. TRIAL DATE

Mattress Firm expects that this matter will be ready for trial within 90 days following resolution of all pretrial motions, including any motion for summary judgment. Given the pending dispositive motions and the proposed phased discovery schedule, the parties are unable to estimate a specific trial date at this time.

## XI. JURY OR NON-JURY

The Plaintiff has demanded a jury trial.

## XII. TRIAL DAYS

Mattress Firm anticipates that two or three days will be required.

## XIII. TRIAL COUNSEL

David R. Ebel
Schwabe Williamson & Wyatt
1420 5th Ave Ste 3400
Seattle, WA 98101
Phone: 206-407-1525
Email: debel@schwabe.com

Michael D. Meuti (OH 0087233)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: mmeuti@beneschlaw.com

*Attorneys for Defendant*

## XIV. SCHEDULING CONFLICTS

Mattress Firm does not currently have complications or scheduling conflicts to be considered in setting a trial date.

**XV. <u>STATUS OF SERVICE</u>**

Mattress Firm executed a waiver of service of summons on June 16, 2026.

**XVI. <u>RULE 16 SCHEDULING CONFERENCE</u>**

Pursuant to Federal Rule of Civil Procedure 16(a), Mattress Firm agrees to appear for a scheduling conference before entry of a scheduling order if the Court determines that such a conference would assist in the efficient management and resolution of the case.

**XVII. <u>CORPORATE DISCLOSURE STATEMENTS</u>**

Mattress Firm filed its LCR 7.1 corporate disclosure statement contemporaneously with this Report on September 30, 2026.

Dated: September 30, 2026

Respectfully submitted,

*/s/ Michael D. Meuti*
David R. Ebel, WSBA #28853
Email: debel@schwabe.com
David Leigh, WSBA #58825
Email: dbleigh@schwabe.com
Schwabe Williamson & Wyatt
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-407-1525

Michael D. Meuti (OH 0087233)
*Admitted Pro Hac Vice*
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Email: mmeuti@beneschlaw.com
Telephone: 216.363.4500
Facsimile: 216.363.4588

Michael B. Silverstein (OH 0098036)
*Admitted Pro Hac Vice*
Benesch, Friedlander, Coplan & Aronoff LLP
Email: msilverstein@beneschlaw.com
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 614.223.9330

Ruddy S. Abam (IL 6335470)
*Admitted Pro Hac Vice*
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Email: RAbam@beneschlaw.com
Telephone: 312.212.4949
Facsimile: 312.767.9192

Attorneys for Defendant
MATTRESS FIRM, INC.